In the Matter of BETH ISRAEL HOSPITAL HOUSING COMPANY, INC., Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.

Third Department, December 29, 1970.

*Sidney Schutz (Henry C. Woicik* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Frederick M. Paola, Samuel A. Hirshowitz* and *Samuel Stern* of counsel), for respondent.

SWEENEY, J. This is an appeal from a decision of the Unemployment Insurance Appeal Board holding appellant employer not exempt from contributions under the provisions of subdivision 4 of section 560 of the Unemployment Insurance Law (Labor Law, art. 18).

Appellant is a membership corporation organized under the Private Housing Finance Law for the purpose of building and operating auxiliary housing facilities for the personnel and their

immediate families of Beth Israel Hospital which is, concededly, a charitable organization and exempt. Appellant's certificate of incorporation provides that its directors shall be officers, directors or trustees of the hospital at which the housing is provided; that no part of its net earnings shall inure to the benefit of any member or any other private individual; and that upon dissolution of the corporation, its property shall vest in the hospital. Occupancy of the housing accommodations is limited exclusively to hospital personnel. Appellant contends that since it is a nonprofit corporation, formed solely to provide auxiliary housing facilities for the necessary employees of the hospital it, too, is operated exclusively for charitable purposes and should not be subject to unemployment contributions.

The board reasoned that the employer is not a hospital, but a separate corporation organized to provide housing facilities for the hospital staff which is, in fact, its primary purpose, and consequently, it is not entitled to exemption from liability under the Unemployment Insurance Law. With this reasoning we do not agree. As this court stated in *Matter of Mendelsohn* (262 App. Div. 605, 609, affd. 295 N. Y. 691), the requirements of subdivision 4 are twofold: " (1) the institution must be organized and operated exclusively for charitable purposes, (2) no part of the net earnings " can inure " to the benefit of any private shareholder or individual ". The second requirement has been met.

The Court of Appeals has held that supplying living accommodations for hospital personnel and their immediate families is a hospital purpose (*Matter of St. Luke's Hosp.* v. *Boyland,* 12 N Y 2d 135, 141), and it constitutes a use incidental to the principal use of the main hospital building (*Matter of De Mott* v. *Notey,* 3 N Y 2d 116, 119). Competent personnel and employees are imperative to the efficient operation of a hospital. It is common knowledge that presently there is a scarcity of both doctors and nurses. It is understandable, therefore, that the providing of convenient, adequate, lower cost housing accommodations for its personnel and staff could be a compelling inducement for students, interns, residents and nurses to affiliate with appellant or a similar institution. To avail itself of funds obtainable under the Private Housing Finance Law, the creation by Beth Israel Hospital of appellant membership housing corporation was mandatory.

While we are not unmindful of the general rule of strict construction applied to tax exemption statutes, we, nevertheless, should apply that rule in light of the purposes to be furthered by the exemption. (*St. Barbara's R. C. Church* v. *City of New York,* 243 App. Div. 371.) To do otherwise would actually thwart

its real purpose. Most significant in the instant case is the fact that appellant exists solely to accommodate those employed in the hospital; coupled with this are the facts that directors of appellant must be directors of the hospital, and in the event that appellant is dissolved its property reverts to the hospital; all of which leads to the conclusion that appellant is merely an appendage of the hospital. Consequently, we decide that the present record clearly establishes that appellant is operated exclusively for hospital purposes and, therefore, the legislative standards for exemption have been met.

The decision should be reversed, with costs, and matter remitted to the board for further proceedings.

HERLIHY, P. J., REYNOLDS, GREENBLOTT and COOKE, JJ., concur.

Decision reversed, with costs, and matter remitted to the board for further proceedings.