KOREMAN, P. J., KANE and MAIN, JJ., concur; GREENBLOTT, J., not taking part.

Order modified, on the law, by reversing so much thereof as grants summary judgment in favor of the plaintiff; plaintiff's motion for summary judgment denied, and, as so modified, affirmed, without costs.

In the Matter of ST. JOSEPH'S HEALTH CENTER PROPERTIES, INC., Petitioner, v STATE TAX COMMISSION, Respondent.

Third Department, January 27, 1977

*Costello, Cooney & Fearon (Charles E. Cooney, Jr.,* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Lawrence J. Logan* and *Ruth Kessler Toch* of counsel), for respondent.

HERLIHY, J. Subdivision 3 of section 253 of the Tax Law provides as follows: "Notwithstanding any other provisions of law to the contrary, the mortgage recording tax shall not be imposed upon any mortgage executed by a voluntary nonprofit hospital corporation". In 1972 the petitioner, St. Joseph's Health Center Properties, Inc., was incorporated by St. Joseph's Hospital Health Center (hereinafter Hospital) under section 402 of the Not-For-Profit Corporation Law. The petitioner's certificate of incorporation provides in words and substance that it exists solely to further the corporate interest of the Hospital and that all of its directors must also be members of the board of trustees of the Hospital and are to be designated by the president of the Hospital. It is undisputed that the petitioner was formed with the intent that it would undertake a building project upon land then owned by the Hospital for the purpose of insulating other Hospital buildings from the possibility of liens arising out of the proposed construction. The land was transferred to the petitioner for the purpose of constructing a garage and office building to be used in conjunction with the Hospital and it secured a mortgage. Upon recording, the petitioner contended that the mortgage was exempt from tax pursuant to the above-quoted portion of the Tax Law; however, the tax was assessed and the petitioner paid it under protest.

The petitioner contends that the record establishes that it is the agent or alter ego of the Hospital and, therefore, the exemption should be granted although it is not a "hospital" corporation. The respondent takes the position in its brief that the petitioner is not entitled to the exemption because it is not "a voluntary nonprofit hospital corporation".

While it might be argued that there is some ambiguity in

the determination of the Tax Commission as to exactly what the premise was for denying the application for a refund, there was a finding that the petitioner was "not a hospital corporation" and there was a further finding that "exemptions must be strictly construed against those seeking an exemption" (See *Matter of Great Lakes Dredge & Dock Co. v Department of Taxation & Finance of State of N. Y.,* 39 NY2d 75).

As already noted, the section of the Tax Law as pertinent states: "[T]he mortgage recording tax *shall not be imposed upon any mortgage executed by a voluntary nonprofit hospital corporation."* (Emphasis supplied.) The mortgage in question is not so executed. If a nonprofit hospital seeking some special advantage separately incorporates for such advantage, the separate corporation cannot thereafter be classified as a "voluntary nonprofit hospital corporation" for the purpose of seeking relief from the imposition of a mortgage tax.

It is not the purpose or intention for which a separate corporation is organized, but whether for mortgage tax purposes it is a hospital as defined in the statute (cf. *Matter of Butterfield Mem. Hosp. Assn. v Town of Philipstown,* 48 AD2d 289; *Matter of Genesee Hosp. v Wagner,* 47 AD2d 37, affd 39 NY2d 863).

*Matter of Beth Israel Hosp. Housing Co. (Catherwood)* (35 AD2d 397) and the other cases cited by petitioner in its brief are not concerned with the interpretation of subdivision 3 of section 253 of the Tax Law, and accordingly are not controlling.

Under the circumstances, it cannot be found that the determination of the Tax Commission was arbitrary or capricious or without a rational basis (cf. *Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Howard v Wyman,* 28 NY2d 434, 438).

The determination should be confirmed, and the petition dismissed, without costs.

GREENBLOTT, J. P. SWEENEY, MAIN and LARKIN, JJ., concur.

Determination confirmed, and petition dismissed, without costs.