OPINION OF THE COURT
Meyer, J.
Real property which is owned by a not-for-profit corporation and used exclusively to provide housing for staff personnel of a separate hospital corporation is[1] "conducted” exclusively for hospital purposes and is, therefore, exempt from taxation under section 421 (subd 1, par [a]) of the Real Property Tax Law, where the property owning corporation operates solely to carry out a purpose of the exempt corporation. The order of the Appellate Division affirming the judgment of the Supreme Court declaring the property exempt and directing a refund of taxes paid by petitioner should be affirmed, with costs.
On this appeal from the Appellate Division order, here by our leave, the affirmed findings of fact establish that petitioner, St. Joseph’s Health Center Properties, Inc. ("Properties”), is a ngt-for-profit corporation the purposes of which, as stated in its* certificate of incorporation and by-laws, include *130 "To receive and pay over monies to St. Joseph’s Hospital Health Center[1] for its corporate purposes” and "to carry out such programs, research or activities as may be necessary or desirable to further the corporate interests of St. Joseph’s Hospital Health Center” and limit Properties’ purposes "to those which are strictly scientific, educational and charitable as more specifically described above” (emphasis supplied). Paragraph 7 of the certificate also requires that there be not less than three nor more than nine directors "all of whom shall be members of the Board of Trustees of St. Joseph’s Hospital Health Center and they shall be designated at the Annual Meeting by the President of St. Joseph’s Hospital Health Center.”[2] Equity Term also found that: the properties in question in these proceedings are adjacent to the Hospital and its school of nursing; they are used exclusively to house Hospital personnel, which makes it possible to attract desirable personnel from outside the area; the rents are nominal; the properties are managed by Hospital’s director of special services and security and are maintained by Hospital to which the rents are turned over and which pays for all utilities and maintenance of the properties.
The city argues that Properties does not satisfy the exclusive purposes requirement of section 421 (subd 1, par [a]) of the Real Property Tax Law, that to be exempt the properties must be owned by Hospital rather than an alter ego and that to hold otherwise is inconsistent with the legislative purpose to stem erosion of municipal tax bases. As hereafter demonstrated these arguments ignore both judicial precedent and the addition to the subdivision in question by chapter 414 of the Laws of 1971 of the words "or conducted” after the word "organized”, which amendment makes clear the legislative purpose to grant tax exemption to a corporate property owner conducted for a hospital purpose, even though the owner corporation is not itself authorized to operate a hospital.
The city’s argument concedes that if Hospital itself owned *131 the properties in question they would be within the. exemption granted by the Legislature and thus by legislative design unavailable as a part of the municipal tax base. The concession is not surprising in view of our decision in Matter of St. Luke’s Hosp. v Boyland (12 NY2d 135). In St. Luke’s we held exempt apartment buildings owned by a hospital corporation, located in close proximity to the hospital, to the extent used as living accommodations for hospital personnel and their immediate families, reasoning that such use was " 'reasonably incident’ to the major purpose of the hospital” (12 NY2d, at p 143) and that neither the fact that the buildings were not immediately contiguous to the hospital nor that rent was paid by the hospital personnel occupying the apartments destroyed the exemption. Not only was that holding amply supported by prior precedents of our and other courts cited at pages 143 and 144 of the St. Luke’s decision, but it has been followed consistently since in Matter of Genesee Hosp. v Wagner (47 AD2d 37, affd on opn below 39 NY2d 863); Matter of Shrine of Our Lady of Martyrs at Auriesville v Board of Assessors of Town of Glen (40 AD2d 75, affd 33 NY2d 713); Matter of Chautauqua Inst. v Town of Chautauqua (35 AD2d 1, mot for lv to app den 27 NY2d 485); see Matter of Faculty-Student Assn. of State Univ. Coll. at Oswego v Sharkey (35 AD2d 161, affd 29 NY2d 621).
The city’s alter ego contention is answered by the last cited case as well as by Matter of Beth Israel Hosp. Housing Co. (Catherwood) (35 AD2d 397). Matter of Faculty-Student Assn. (supra) involved two nonprofit corporations, one organized to promote educational relations at a college of the State University and which under contract with the State University operated food services, a book and supply store and other activities at the college; the other organized to promote fellowship among students at the same college and which operated off-campus properties for recreation and housing of students and faculty members of the college. The same section of the Real Property Tax Law (then numbered § 420) was involved, but since the proceedings arose before 1971 its then wording required that to be exempt, property be "owned by a corporation or association organized exclusively for” educational purposes, among others. The conclusion was that the corporations were "organized exclusively” for educational purposes since their functions were "necessary to the college community and so further the goal of education” (35 AD2d, at p 166). Beth *132 Israel (supra) concerned a membership corporation organized under the Private Housing Finance Law for the purpose of building and operating housing facilities for hospital personnel and their families. The Appellate Division, Third Department, noting that occupancy of the housing company’s properties was limited to hospital personnel, that the company’s directors were required to be directors or trustees of the hospital, and that on dissolution its property reverted to the hospital, held the company to be "merely an appendage of the hospital” and therefore "operated exclusively for hospital purposes”[3] within the meaning of the requirement of subdivision 4 of section 560 of the Labor Law, as it then read, that the corporation be "organized and operated exclusively for * * * charitable purpose”.
If any question remained after the Faculty-Student and Beth Israel decisions about the right to exemption of a corporation which performed a function "reasonably incident to the major purpose of’ a separate exempt corporation (People ex rel. Watchtower Bible & Tract Soc. v Haring, 8 NY2d 350, 358; accord Matter of St. Luke’s Hosp. v Boyland, 12 NY2d 135, supra), it was removed by the enactment of chapter 414 of the Laws of 1971. Adopted after intensive study by the Joint Legislative Committee to Study and Investigate Real Property Tax Exemptions culminating in a report (NY Legis Doc, 1970, No. 15) which pointed up the need of municipalities for a broader tax base and which, therefore, inserted a new subdivision (b) making the exemptions enumerated therein subject to local option rather than absolute, as they previously had been, it nevertheless inserted in both subdivision (a), which continued the State mandated exemption of hospitals, among others, and in the new subdivision (b), which established "local option” exemptions, the words "or conducted” between "organized” and "exclusively”. Such legislative history as there is concerns the reasons for the local option provision and does not discuss the reason for the insertion of the words "or conducted.”[4] The facts that the insertion is in *133 the disjunctive, that it was made at a time when municipalities were being granted relief the need for which was well documented, that it was made in both subdivisions, and that it was made but shortly after the Faculty-Student and Beth Israel[5] decisions, strongly suggest however, the Legislature’s intention to exempt property owned by a corporation conducted for a purpose reasonably incident to the major purpose of another subdivision (a) exempt corporation, even though not itself organized to engage in all of the activities of the latter corporation.
There is yet another argument by analogy supporting the conclusion reached. Subdivision 2 of section 421 provides that such portion of real property as is used for exempt purposes is exempt even though some part of the property is used for nonexempt purposes. That declaration is, however, followed by a proviso that "such real property [i.e., that specified in paragraphs (a) and (b) of subdivision 1] shall be fully exempt from taxation although it or a portion thereof is used * * * for purposes which are exempt pursuant to this section * * * by another corporation which owns real property exempt from taxation * * * or whose real property if it owned any would be exempt from taxation”. That provision derives from an amendment adopted in 1948 in order to overturn cases such as People ex rel. Frick Collection v Chambers (196 Misc 1026, affd 276 App Div 891), which had held that an exempt corporation which allowed its property to be used by another exempt corporation thereby lost its exemption (NY Legis Ann, 1948, pp 291-293). Having thus made clear that ownership and use by separate exempt corporations did not forfeit the exemption, the Legislature can hardly be deemed to have intended in the circumstances of the present case that exemption be denied notwithstanding a clearly exempt use simply because the user though empowered to carry out a function which is part of an exempt purpose is not itself empowered to carry out all of the functions of the exempt purpose. The more so is that true after the addition in 1971 of the words "or conducted” to paragraph (a) of subdivision 1.
In conclusion it is necessary only to note that nothing in Mohonk Trust v Board of Assessors of Town of Gardiner (47 *134 NY2d 476), Matter of Presbyterian Residence Center Corp. v Wagner (66 AD2d 998, affd 48 NY2d 885), or Matter of St. Joseph’s Health Center Props. v State Tax Comm. (55 AD2d 484, mot for lv to app den 41 NY2d 804) is contrary to the conclusion here reached,[6] and that to the extent that Matter of Columbia County Mental Retardation Realty Co. v Palen (97 Misc 2d 9) is to the contrary[7] we do not adopt its reasoning.
For the foregoing reasons the order of the Appellate Division should be affirmed, with costs.

. Referred to hereafter in this opinion simply as "Hospital”.

. The finding in the third from last paragraph of the decision of Equity Term is that "the directors of the petitioner corporation are required to be directors or trustees of the Hospital itself’, which is inconsistent with the statement in the second paragraph of the decision that three of the nine directors be members of and appointed by the president of Hospital. However, the only evidence in the record on the point is the paragraph of the certificate of incorporation quoted above. We accept as fact, therefore, that "all of’ the directors must be members of Hospital’s board and appointed by Hospital’s president.

. In light of the subsequent amendment of section 421 (subd 1, par [a]) of the Real Property Tax Law discussed below, we deem it unnecessary to comment upon whether such a corporation is an "appendage” or is operated in its own right for hospital purposes.

. (Final Report of the Joint Legislative Committee to Study and Investigate Real Property Tax Exemptions, NY Legis Doc, 1970, No. 15, pp 40-41; NY Legis Ann, 1971, p 392.) The Governor’s bill jacket on chapter 414 contains nothing explanatory of the insertion either.

. Of relevance in that connection is the fact that the statute involved in Beth Israel was in the conjunctive and the owning corporation was nevertheless held exempt, for it suggests that in using the disjunctive in the 1971 amendment the Legislature was making its intention pellucid.

. Rather than controvert that conclusion, as the dissent suggests, the Mohonk Trust holding (that what the corporation does rather than what its certificate says determines exemption) supports it. To suggest as the dissent does (p 137) that petitioner "is conducted solely for the purpose of owning, operating and managing real property” is inconsistent with the affirmed findings of fact and with the dissent’s emphasis on the "requirement that the property actually be used for a tax exempt purpose” (p 136), for petitioner’s real property is used only to house hospital personnel, as the courts below found, which is, as St. Luke's holds, a hospital purpose. To read the subdivision as requiring that only a corporation which operates a hospital is exempt is to ignore the wording of the subdivision, which speaks of "hospital * * * purposes”, a far broader concept, as well as the prior case law and the 1971 amendment discussed in the text above (pp 131-133).
Presbyterian Residence Center held only that operation of a housing project for the elderly was not an exempt use under section 421 for charitable or moral or mental improvement purposes where the tenants were self-supporting and the fees, rents and charges imposed made the apartments self-sustaining, though conceivably exemption might be available under the special provision (§ 422) governing not-for-profit housing for the elderly.
St. Joseph’s Health Center Properties concerned the same corporation involved in the instant appeal but the mortgage recording tax statute there in question exempted only a "mortgage executed by a voluntary nonprofit hospital corporation,” which Properties clearly is not. Moreover, the Appellate Division’s statement (55 AD2d, at p 485) that "petitioner was formed with the intent that it would undertake a building project [an office building and garage] upon land then owned by the Hospital for the purpose of insulating other Hospital buildings from the possibility of liens arising out of the proposed construction” does not avail the city. We need not analyze its argument that lien protection is not a charitable purpose, for the simple answer is that the argument confuses the motive for forming Properties with its corporate purposes and the housing use to which the properties here in question have been put.

. A possible basis for distinction is that in Palen the exempt corporation leased the property from the realty owning corporation under a lease providing for the substantial annual rental of $48,000. Moreover, the cases relied on in Palen (Hebrew Free School Assn. of City of N. Y. v Mayor, 99 NY 488; People ex rel. National Commercial Bank & Trust Co. v Lewis, 179 Misc 140) involved statutes relating exemption to ownership by the exempt corporation rather than ownership by a corporation "organized or conducted” for an exempt purpose, as the statute as presently worded provides for.