■ In the Matter of the FACULTY STUDENT ASSOCIATION OF THE STATE UNIVERSITY OF ONEONTA, INC., Respondent, v PHILIP ROSS, as Industrial Commissioner, Appellant.—Appeal from a decision of the Industrial Board of Appeals, filed February 28, 1980, which revoked a compliance order issued by the Industrial Commissioner dated April 2, 1979. Petitioner is a not-for-profit corporation which operates the dining facilities and book store at the State University College at Oneonta (SUCO). Its board of directors is composed of students, faculty and administrators of SUCO. Petitioner's certificate of amendment of the certificate of incorporation reveals that it is devoted solely to providing

---

services to SUCO; that no part of its net earnings shall inure to the benefit of its members, directors, officers or other private persons; and that, upon dissolution of the corporation, its assets will be transferred to SUCO. The respondent commissioner issued a compliance order dated April 2, 1979 as a result of petitioner's failure to pay its nonstudent employees the minimum wage allegedly required by section 652 of the Labor Law. The Industrial Board of Appeals revoked the order and this appeal ensued. The sole issue on this appeal is whether or not petitioner's nonstudent employees are "employees" as defined in subdivision 5 of section 651 of the Labor Law and thus entitled to the statutory minimum wage. This provision excludes from the definition of "employee" any individual employed by a Federal, State or municipal government or political subdivision thereof (Labor Law, § 651, subd 5, par [n]). The Industrial Board of Appeals determined that SUCO was a political subdivision and that petitioner was a mere appendage of SUCO. Consequently, it was concluded that petitioner's employees were not employees within the definition of that term in subdivision 5 of section 651 of the Labor Law and thus said employees were not entitled to the statutory minimum wage. Considering the record in its entirety, we are of the view that the decision that petitioner is an appendage of SUCO and, therefore, its employees are not considered employees within the meaning of subdivision 5 of section 651 of the Labor Law is neither unreasonable nor irrational (cf. *Matter of Beth Israel Hosp. Housing Co. [Catherwood]*, 35 AD2d 397). Accordingly, the decision must be affirmed (see *Matter of Howard v Wyman*, 28 NY2d 434, 438; *Matter of Dwyer [Ross]*, 72 AD2d 853, 854). Decision affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Mikoll and Casey, JJ., concur.