OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs, for the reasons stated in the opinion of that court by Justice Max Bloom.
 

 In addition we note the distinction between the facts on the instant appeal and
 
 Matter of St. Joseph’s Health Center Props. v Srogi
 
 (51 NY2d 127), where we held that real property used by a corporation exclusively for providing hospital personnel with housing was sufficiently incidental to the hospital’s operation to be within the statutory requirement that it be used exclusively for hospital purposes (see Real Property Tax Law, § 421, subd 1, par [a]). By way of distinction, the use of the property by petitioner Stuyvesant Thrift Shop (Thrift Shop) is not exclusively for charitable purposes in that the primary objective of the enterprise is to generate profits.
 

 The fact that the net cash profits are ultimately distributed to various institutions organized" for charitable purposes does not in and of itself directly involve the Thrift Shop in the charitable activities of the distributee organization or render its function exclusively charitable within the meaning of this narrowly construed exemption (see
 
 Matter of Association of Bar of City of N. Y. v Lewisohn,
 
 34 NY2d 143, 153). Nor does it avail petitioner that some of its merchandise was sold at reduced prices to needy persons or that some of its goods were refurbished by clients of a constituent agency, for the Appellate Division found these activities to be occasional only rather than the primary activity of petitioner which would qualify it for exemption.
 

 Chief Judge Cooke (dissenting). This court’s recent decision in
 
 Matter of St. Joseph’s Health Center Props. v Srogi
 
 (51 NY2d 127) compels us to reject the majority’s position in this case. In
 
 St. Joseph’s,
 
 the court held that subdivision 1 of section 421 of the Real Property Tax Law was intended by the Legislature “to exempt property owned
 
 *738
 
 by a corporation conducted for a purpose reasonably incident to the major purpose of another * * * exempt corporation, even though not itself organized to engage in all of the activities of the latter corporation”
 
 (id.,
 
 at p 133). This position dramatically broadened the grounds for real property tax exemptions
 
 (id.,
 
 at p 134 [Cooke, Ch. J., dissenting] ; see, generally, Beebe and Harrison, A Law in Search of a Policy: A History of New York’s Real Property Tax Exemption for Nonprofit Organizations, 9 Fordham Urban LJ 533, 579-580). Having once departed sharply from prior law, the court should not again reverse direction so soon after its first shift.
 

 In
 
 St. Joseph’s
 
 the corporation was organized to provide housing for the staff of the parent hospital corporation. Here the Stuyvesant Thrift Shop was organized to sell donated merchandise and distribute the proceeds to the member charitable corporations, who are unquestionably entitled to exemptions themselves. The sole function of the Thrift Shop corporation is “reasonably incident to the major purpose” of the parent charities. The fact that the Thrift Shop converts the merchandise to money before distributing it to the parent charitable corporations does not alter this conclusion. I can therefore perceive no meaningful distinction between this case and
 
 St. Joseph’s
 
 and must dissent and vote to reverse.
 

 Judges Jasen, Gabrielli, Jones, Wachtler and Meyer concur; Chief Judge Cooke dissents and votes to reverse in an opinion in which Judge Fuchsberg concurs.
 

 Order affirmed, with costs, in a memorandum.