Gabrielli, J.
(dissenting). Because I believe that the majority’s holding today involves an unwarranted extension of the real property tax exemption statute, I must dissent. Since petitioner has failed in its burden of proof as to whether it is entitled to a tax exemption, I would reverse the order of the Appellate Division granting an exemption for certain of petitioner’s real property.
Petitioner is a not-for-profit corporation organized for educational purposes. It provides various auxiliary services for the State University of New York at Albany, such as a dormitory food service, cafeteria, book store and laundry facilities. The property for which petitioner seeks a tax exemption is located partially in the Town of Halfmoon and partially in the Town of Clifton Park, collectively known *989 as the “Mohawk Campus”. This property is used for a variety of recreational activities. It is also claimed that the property is used for workshops, conferences and seminars.
Petitioner commenced two proceedings pursuant to article 7 of the Real Property Tax Law to challenge the assessments levied by the two towns, claiming an exemption for this property. Respondents are the Assessors for the Town of Halfmoon and the Town of Clifton Park.. The proceedings were tried jointly, and Supreme Court dismissed the petitions, finding that petitioner had failed to sustain its burden of proof that it was entitled to a tax exemption. The Appellate Division unanimously reversed, finding that the “primary use of [the property] is reasonably incidental to petitioner’s main educational purpose and, therefore should have been granted tax exempt status”. The majority of this court agrees with the reasoning of the Appellate Division. As I believe that the property is not entitled to a tax exemption, I would reverse the order of the Appellate Division.
Section 421 (subd 1, par [a]) of the Real Property Tax Law affords a tax exemption to a corporation or association organized exclusively for educational purposes, where the real property for which exemption is sought is “used exclusively for carrying out thereupon one or more [exempt] purposes”. The present case concerns only the “use” of the property, as it is undisputed that petitioner is a corporation organized exclusively for educational purposes. Thus, the issue presented on this appeal is whether the Mohawk Campus, for which petitioner seeks a tax exemption, is used for an educational purpose.
Tax exemption statutes are to be construed rigidly and strictly against the party claiming exempt status, and an exemption is to be denied unless the statutory language or legislative intent clearly requires that an exemption be granted (Mohonk Trust v Board of Assessors of Town of Gardiner, 47 NY2d 476, 483; Matter of Association of Bar of City of N. Y. v Lewisohn, 34 NY2d 143, 153). Notwithstanding this general rule of construction, we have also held that we must avoid an interpretation “so literal and narrow that it defeats the exemption’s settled purpose” (Matter of Association of Bar of City of N. Y. v Lewisohn, supra, p 153). Thus, the requirement that real property *990 be used “exclusively” for an exempt purpose has been interpreted to mean that the property need only be used “principally” or “primarily” for that purpose.
The Appellate Division, on whose reasoning the majority relies, held that the primary use of petitioner’s property was reasonably incidental to petitioner’s main educational purpose. In so holding the court did not indicate its view as to what the “primary” use of the property was. It merely noted that workshops, conferences, and seminars were conducted on the property, that a pool was located on the property, and that picnics and other recreational activities also take place there. Thus, the holding of the Appellate Division, and the majority of this court, must be based on one of two rationales: they either regard the issue of primary use as resolved as soon as it is found that any educational activity took place on the property, or they have concluded that even if the primary use of the property is recreational, such a use amounts to an educational, and thus exempt use. I cannot agree with either of these bases for upholding the tax exemption.
With regard to the first rationale, that petitioner is entitled to a tax exemption if any educational activity took place on the property, I note that the only indication that such activity took place is the statements of petitioner’s managers to that effect. The trial court found that beyond these statements, which it quite properly termed “conclusory”, there was no proof as to the nature or frequency of such workshops, conferences or seminars. I am unwilling to say that petitioner has sustained its burden of proof that such activities took place to any significant extent. Moreover, I cannot agree that our holdings requiring a “primary” use for exempt purposes can be satisfied by so bare a showing of educational activity.
With regard to the second possible basis for today’s holding, that recreational activity suffices for a finding of exempt use, I emphasize that the recreational activity on the Mohawk Campus is unstructured, and has no connection to the university’s athletic or any other program. I am not suggesting that the school’s athletic fields or gymnasiums should not be tax exempt, so long as a nexus to education is shown (People ex rel. Board of Trustees of Mt. Pleasant *991 Academy v Metzger, 98 App Div 237, affd 181 NY 511; see Matter of Syracuse Univ., 214 App Div 375, 377; but see Matter of American Mgt. Assns. v Assessor of Town of Madison, 63 AD2d 1102). A university’s athletic program is an integral part of its over-all responsibility to improve its students, both intellectually and physically. I merely object to the majority’s holding that the unscheduled, unstructured, and unsupervised recreational activity in the present case can form the basis for a tax exemption.
Nor do the cases cited by the majority in affirming the decision below mandate this result. The central issue in those cases involved satisfaction of the first part of the two-part test set up in section 421 of the Real Property Tax Law for a tax exemption (i.e., that the property be owned by a corporation or association organized for an exempt purpose). Thus, we held in Matter of St. Joseph’s Health Center Props. v Srogi (51 NY2d 127) that a not-for-profit corporation, operated solely to carry out the purpose of another exempt corporation (a hospital) can qualify for a tax exemption, notwithstanding the fact that it was not itself the exempt corporation. We have only required that such an organization be conducted for a purpose reasonably incident to the major purpose of another exempt corporation. Similarly, in Matter of Faculty-Student Assn. of State Univ. Coll. at Oswego v Sharkey (35 AD2d 161, affd 29 NY2d 621), it was held that a nonprofit corporation, organized to promote and assist the State University College in its educational activities, can qualify for a tax exemption. Neither case stands for the proposition that primarily unstructured recreational use of property will qualify it for an exemption. Indeed, I have no quarrel with a holding that petitioner herein, organized as it is to provide auxiliary services to the State University, can qualify for a tax exemption. This does not mean that all of its property holdings qualify for such exemption, regardless of their use. Rather, the clear language of section 421 requires that in addition to petitioner’s qualifying as an exempt corporation, it must also demonstrate that the use of the particular property for which exemption is sought is of an exempt nature. Such a use has not been established in the present case.
*992 Further, an examination of the use of the property in the St. Joseph’s and Faculty-Student Assn, cases indicates uses wholly different from the use of the Mohawk Campus. In St. Joseph’s, we held exempt certain property which was adjacent to the hospital, used exclusively to house hospital personnel at nominal rents (making it possible to attract personnel from outside the area), where the properties were managed by hospital personnel, and the hospital collected the rents, maintained the properties and paid expenses. That the activity undertaken on the property was an integral and necessary part of the hospital’s operation is clear.
In Faculty-Student Assn., properties for which an exemption was granted were used for housing and recreation, and were held by the association, in part, to permit further expansion of the State University College. The provision of housing must also be considered an integral part of the operation of a university. That recreation is a part of the activity taking place on the property should certainly not defeat an otherwise proper tax exemption. But where, as in the instant case, it is the independent, unstructured recreational activity that predominates in use, a tax exemption is simply not warranted or authorized by the statute.
In summary, it is my view that petitioner has not sustained its burden of proof that the use of the property is primarily for an exempt purpose. If the property had been used primarily for educational purposes, the fact that recreational activities also took place would certainly not defeat the tax exemption. The statute clearly does not contemplate an exemption for all property held by a qualifying organization. Thus, the primary use of the property for an exempt purpose not having been established by petitioner as educational, I would not grant a tax exemption in this case.
Hence, the order of the Appellate Division should be reversed, with costs, and the petitions dismissed.
Order affirmed, etc.