54 N.Y.2d 460 (1981)
In the Matter of The Faculty Student Association of the State University of Oneonta, Inc., Respondent,
v.
Philip Ross, as Industrial Commissioner, Appellant.
Court of Appeals of the State of New York.
Argued November 20, 1981.
Decided December 17, 1981.
Robert Abrams, Attorney-General (John Q. Driscoll and Shirley Adelson Siegel of counsel), for appellant.
John P. MacArthur for respondent.
Chief Judge COOKE and Judges JASEN, JONES, WACHTLER, FUCHSBERG and MEYER concur.
*462 GABRIELLI, J.
The question presented on this appeal is whether petitioner's nonstudent employees are entitled to payment of the minimum wage under article 19 of the Labor Law. We hold today that these employees are not excepted from the broad definition of "employees" contained in subdivision 5 of section 651 of the Labor Law, and thus are entitled to be paid the minimum wage.
Petitioner, the Faculty Student Association of the State University of Oneonta, Inc., is a not-for-profit corporation, organized to promote and cultivate educational and social relations among the students and faculty of the State University. In 1979, petitioner was ordered by respondent, the Industrial Commissioner, to remit to him the sum of $355.76, representing an underpayment to 21 named nonstudent employees, in consequence of petitioner's failure to pay the minimum wage to those employees for various periods of time.
Petitioner appealed the order to the Industrial Board of Appeals, contending that its employees were not covered by the Minimum Wage Act (Labor Law, art 19). The board revoked the commissioner's order, finding that petitioner, as a "mere appendage" of the State University College at *463 Oneonta, was entitled to the same exemption from the payment of minimum wage as was the college (Labor Law, § 651, subd 5, par n). The Appellate Division affirmed, holding that the board's decision was neither unreasonable nor irrational. Because we believe that the statute does not exclude petitioner's nonstudent personnel from the definition of "employees", we now reverse.
The Minimum Wage Act (Labor Law, art 19), specifically applicable to nonprofitmaking institutions such as petitioner (Labor Law, § 652, subd 3, par a), requires every employer to pay to each of his employees at least the amount set forth in the statute (Labor Law, § 652, subd 1). The term employee "includes any individual employed or permitted to work by an employer in any occupation" (Labor Law, § 651, subd 5), with several stated exceptions. One such exception, which petitioner seeks to have applied to its nonstudent personnel, is for individuals employed or permitted to work "by a federal, state or municipal government or political subdivision thereof" (Labor Law, § 651, subd 5, par n).
The clear language of the statutory exemption precludes its application to petitioner's employees. Petitioner cannot be characterized as part of the State government or a political subdivision thereof, despite the fact that the college itself might properly be so considered. Its employees, then, are entitled to receive the minimum wage.
Reliance upon Matter of Beth Israel Hosp. Housing Co. (Catherwood) (35 AD2d 397) as holding to the contrary is misplaced. In that case, a claimed exemption from the Unemployment Insurance Law for a private housing corporation was upheld, based on the conclusion that the corporation was operated exclusively for hospital purposes. There, the statute afforded exemption based upon the purpose for which the institution was organized and operated.[*] In the present case, however, the statute provides for *464 exemption based on the nature of the employing organization. Thus, it matters not for what purpose petitioner is organized, nor that petitioner might be considered a "mere appendage" of the college; since it is not the State government or a political subdivision thereof, its employees do not come within the exception, and therefore are entitled to the minimum wage.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the order of the Industrial Commissioner reinstated.
Order reversed, etc.
NOTES
[*] For similar reasons, our decisions dealing with real property tax exemptions of organizations similar to petitioner's are not applicable here. (See, e.g., Matter of University Auxiliary Servs. at Albany v Smith, 54 N.Y.2d 986, affg on opn below 78 AD2d 959; Matter of St. Joseph's Health Center Props. v Srogi, 51 N.Y.2d 127; Matter of Faculty-Student Assn. of State Univ. Coll. at Oswego v Sharkey, 29 N.Y.2d 621.) The exemption statute involved in those cases speaks only in terms of the purposes for which the organization is conducted and for which the subject property is used.