■ In the Matter of the CHURCH CHARITY FOUNDATION OF LONG ISLAND, Petitioner, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a mortgage recording tax imposed pursuant to article 11 of the Tax Law. Petitioner, Church Charity Foundation of Long Island, is concededly primarily a voluntary nonprofit hospital corporation. Although it is singular corporation it operates various facilities under different operating licenses, including St. John's Episcopal Hospital in Brooklyn, St. John's Smithtown Hospital, St. John's Episcopal Home for the Aged and Blind, and Smithtown Housing for the Elderly, as well as various outpatient ambulatory care clinics and methadone treatment centers. In connection with the Smithtown Housing for the Elderly project, petitioner, as mortgagor, executed a construction mortgage dated June 20, 1978 to Citibank, N.A., as mortgagee, securing the sum of $7,800,000 to cover the Village of St. John's housing development for the elderly, located on St. John's Campus in Smithtown where petitioner's hospital is also located. When this mortgage was recorded in Suffolk County on August 8, 1978, the recording officer demanded a filing fee of $58,500 which petitioner paid "under protest". In this proceeding, petitioner contends that it is exempt from the mortgage recording tax under subdivision 3 of section 253 of the Tax Law which relevantly provides that "the mortgage recording tax shall not be imposed on *any* mortgage executed by a voluntary non-profit hospital corporation" (emphasis added). Petitioner claims that respondent commission erred in focusing on the *purpose* for which the mortgage was executed and not on the *status* of the mortgagor as required by the statute, citing *Matter of St. Joseph's Health Center Props. v State Tax Comm.* (55 AD2d 484, mot for lv to app den 41 NY2d 804) wherein this court stated that "[i]t is not the purpose or intention for which a separate corporation is organized, but whether for mortgage tax purposes it is a hospital as defined in the statute" (*id.,* at p 486). However, *St. Joseph's* (*supra*) dealt with a separate corporation organized by a nonprofit voluntary hospital corporation with the separate corporation claiming it was the hospital's alter ego. The Tax Commission disagreed and this court confirmed that determination. Herein, respondent relies on the multicorporate purposes stated in petitioner's certificate of incorporation which do not limit petitioner's activities solely to the establishment of hospitals. The commission concludes that this mortgage was executed for construction of a facility unrelated to hospital functions and as such was properly subject to a mortgage recording tax. Inasmuch as petitioner's housing development is admittedly not operated solely for the benefit of the infirm or disabled, the determination of respondent is consonant with the statute, rational, and supported by substantial evidence, and should be confirmed (*Matter of Great Lakes Dredge & Dock Co. v Department of Taxation & Fin. of State of N. Y.,* 39 NY2d 75, 78-79, cert den 429 US 832). The procedural infirmities urged by petitioner as well as its claim that a prior determination by respondent compels a favorable result under the doctrine of *res judicata* have been examined and found without merit. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.