■ In the Matter of ORGANIZATION OF ANCILLARY SERVICES OF THE STATE UNIVERSITY COLLEGE AT ONEONTA, NEW YORK, INC., Respondent. THOMAS F. HARTNETT, as Commissioner of Labor, Appellant.—Levine, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 18, 1988, which, upon reconsideration, adhered to its prior decision ruling that the employer was not liable for unemployment insurance contributions on wages paid to students.

The Organization of Ancillary Services of the State University College at Oneonta, New York, Inc. (hereinafter employer), is a not-for-profit corporation which operates food services, recreation facilities and on-campus stores and services for the students, faculty and staff of the State University College at Oneonta in Otsego County. It is undisputed that the employer exists for the sole purpose of providing the above-mentioned services to the college, and that the employer and the college are closely related. The employer employs approximately 400 to 500 college students and 100 nonstudents.

In 1987, the employer was notified that the Commissioner of Labor had determined that it was not an "educational institu-

tion" under Labor Law § 511 (15) such that its student employees were in covered employment and the employer was liable for unemployment insurance contributions on their wages. Following a hearing, an Administrative Law Judge (hereinafter ALJ) overruled the Commissioner's initial determination, finding that the employer exists for educational purposes and, therefore, is properly considered an educational institution under the statute. After the ALJ's decision was affirmed by the Unemployment Insurance Appeal Board, the Commissioner sought to have the matter reopened and reconsidered by the Board. The application was granted and, upon reopening, the Board adhered to its prior decision. This appeal by the Commissioner ensued.

Labor Law § 511 (15) provides: "The term 'employment' does not include services rendered for an educational institution by a person who is enrolled and is in regular attendance as a student in such an institution". The Commissioner contends that the Board erred in ruling that the employer was an educational institution under Labor Law § 511 (15) based on a finding that the employer's purpose is to promote educational goals. The Commissioner contends that the plain wording of the statute does not permit the characterization of an organization based on its purposes, but requires that the determination be based upon the *nature* of the organization. In support of this contention, the Commissioner relies on *Matter of Faculty Student Assn. v Ross* (54 NY2d 460), in which the employer herein* was held to be an entity separate from the college and thus not entitled to the same exemption from the payment of minimum wage as the college.

The employer, on the other hand, contends that the Board properly relied on *Matter of Beth Israel Hosp. Hous. Co. (Catherwood)* (35 AD2d 397) in determining that it is an educational institution under Labor Law § 511 (15). In *Beth Israel,* a private housing corporation was held to be exempt from the Unemployment Insurance Law based on its close affiliation with a charitable hospital and the fact that it was operated exclusively for hospital purposes. The statute at issue in *Beth Israel,* however, specifically provided that the entitlement for the exemption was to depend on the purpose for which the corporation was organized and operated *(see,* Labor Law § 560 [former (4)]). By contrast, the statute involved in

---

* In 1980, the employer's name was changed from Faculty-Student Association of State University College at Oneonta, New York, Inc., to its present name.

*Matter of Faculty Student Assn. v Ross (supra)* did not have such language and, as the Court of Appeals concluded, the purpose of the organization was not determinative, nor the fact that the employer might be considered "a 'mere appendage' of the college" since "the statute provides for exemption based on the nature of the employing organization" *(supra,* at 463-464). The statute presently before us also lacks any language requiring that an organization's purpose be considered in determining whether it is an "educational institution". Accordingly, we conclude that the Board's interpretation of the statute was erroneous and cannot be sustained *(see, Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459; *see also, Matter of Faculty Student Assn. v Ross, supra).*

The employer also contends that even if it is not an educational institution under the statute, it should still qualify for the exemption since the work done by its employees is still "services rendered for an educational institution" (Labor Law § 511 [15]) since it ultimately benefits the college. Initially, we note that this argument does not appear to have been raised before the Board. In any event, we conclude that Labor Law § 511 (15) requires that the educational institution be the actual employer of the student and the statute cannot be reasonably interpreted to permit exemption to an employer based on an indirect benefit to an educational institution.

Decision reversed, without costs, and initial determination of the Commissioner of Labor reinstated. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur.