■ In the Matter of the Claim of LEO FISCHER, Respondent. CHILDREN'S CORNER OF LARCHMONT/MAMARONECK, Appellant. COMMISSIONER OF LABOR, Respondent. [808 NYS2d 829]—

Cardona, P.J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 29, 2004, which ruled that claimant was eligible to receive unemployment insurance benefits.

Claimant worked as a nonprofessional at the employer's before-and-after-school program for elementary school students during the 2002-2003 academic year. Although claimant's employment came to a temporary end at the close of the school year in June 2003, the employer notified him that his employment would resume in September 2003 when the next school year began. Claimant thereafter filed a claim for unemployment insurance benefits and, following hearings, an administrative law judge sustained the initial determination finding claimant eligible to receive benefits effective June 30, 2003 because he was not an employee of an educational institution within the meaning of Labor Law § 590 (11). The Unemployment Insurance Appeal Board affirmed, and the employer now appeals, contending that claimant, as an employee of an educational institution, is ineligible to receive benefits because he had reasonable assurance of employment in the next academic year.

We affirm. Nonprofessional employees of certain "educational institutions" are ineligible for unemployment insurance benefits between academic years if they received reasonable assurance of continued employment in the same capacity for the next academic term (see Labor Law § 590 [11]). An educational institution is defined by the Department of Labor as "an organization established for the purpose of operating a school, schools, or alternative educational experience offering a program of instruction in academic, technical or vocational subjects, which is certified by, under contract to or subject to the regulations of the Commissioner of Education." (New York State Department of Labor, Special Bulletin A-710-53, II [A] [rev Feb 1989].) The employer contends that it is an educational institution, first, because it is an organization established for the purpose of operating a school, and second, because it is an alternative educational experience that is subject to the regulations of the Commissioner. We disagree.

Although the employer's director testified that the purpose of its program is to continue the students' school day education, claimant testified that his employment consisted of "babysitting" and that no structured learning occurred. Additionally, the employer's handbook identified the employer as a professional childcare provider. This conflicting evidence created a credibility issue for the Board to resolve in its discretion (see *Matter of Smith* [*Commissioner of Labor*], 23 AD3d 973, 974

[2005]; *Matter of Hedo* [*New York City Dept. of Personnel—Commisioner of Labor*], 19 AD3d 985, 985 [2005]). While the employer argues that claimant is ineligible to receive benefits because the employer has a kindergarten, the record reveals that claimant did not work at the kindergarten. Moreover, given the undisputed evidence presented at the hearing that the employer was not subject to the regulations of the Commissioner, the employer's claim to the contrary is unavailing. Thus, the Board's determination that claimant was not employed by an educational institution is supported by substantial evidence.

We have examined the employer's remaining contentions and find that they are without merit.

Crew III, Peters, Lahtinen and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.