■ In the Matter of the Claim of JEAN V. AXTELL, Respondent. NORTH COUNTRY COMMUNITY COLLEGE ASSOCIATION, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [828 NYS2d 586]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 21, 2005, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant worked as a food service supervisor for North Country Community College Association, Inc. (hereinafter NC-

CCA). NCCCA is a nonprofit wholly owned subsidiary of North Country Community College that provides student services, including the operation of food service facilities and bookstores, which cannot be administered by the college. During periods when the college was in recess and claimant was not working, she applied for unemployment insurance benefits. NCCCA objected to her receipt of benefits on the basis that, as a nonprofessional employee of an educational institution who received a reasonable assurance of employment between two successive academic periods pursuant to Labor Law § 590 (11), claimant was ineligible for benefits. Following a hearing, an Administrative Law Judge overruled NCCCA's objection and found claimant eligible to receive benefits. The Unemployment Insurance Appeal Board upheld this decision, resulting in this appeal by NCCCA.

We affirm. In order for NCCCA to be exempt from paying unemployment insurance benefits to claimant, it must qualify as an "educational institution" within the meaning of Labor Law § 590 (11). Based upon this Court's decision in *Matter of Organization of Ancillary Servs. of State Univ. Coll. at Oneonta, N.Y. (Hartnett)* (152 AD2d 777 [1989], *appeal dismissed* 74 NY2d 932 [1989], *lv denied* 76 NY2d 707 [1990]), the Board properly concluded that it was not and found claimant eligible to receive benefits. That case involved a virtually identical not-for-profit organization that operated food services, recreational facilities and on-campus stores for the State University College at Oneonta in Otsego County. Given the similarity of that case to the case at hand, we find no reason to disturb the Board's decision. We are unpersuaded by NCCCA's claim that the Court of Appeals' decision in *Matter of Smith v City Univ. of N.Y.* (92 NY2d 707 [1999]) compels a contrary result.

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.