■ In the Matter of the Claim of ANDREA T. FERNANDEZ, Respondent. SUFFOLK COUNTY ORGANIZATION FOR THE PROMOTION OF EDUCATION, Appellant; COMMISSIONER OF LABOR, Respondent. (And Seven Other Related Claims.) [858 NYS2d 397]—

Spain, J. Appeal from eight decisions of the Unemployment Insurance Appeal Board, filed April 13, 2006, which ruled that claimants were entitled to receive unemployment insurance benefits.

This consolidated appeal addresses eight cases involving seven different claimants seeking unemployment insurance benefits. The employer, Suffolk County Organization for the Promotion of Education (hereinafter SCOPE), is a not-for-profit organization which provides numerous services to the Long Island school

districts, including before school and after school childcare programs (hereinafter before/after school programs). Each claimant worked within these before/after school programs. Because the schedule for these programs corresponds with that of the local school districts, the programs are not operational when school is not in session, and claimants seek unemployment insurance benefits for those periods during which the programs were not in session.

SCOPE disputes these claims for benefits, asserting that it is entitled to an exemption from benefit payments under Labor Law § 590, because claimants are employees of an educational institution who cannot collect benefits between successive academic terms where, as here, they have had reasonable assurance of employment in the next academic term (*see* Labor Law § 590 [10], [11]). No dispute exists that claimants were offered work in the applicable successive terms. The determinative issue is whether SCOPE is an "educational institution" within the meaning of the statute. In separate determinations, the Department of Labor found that SCOPE was not entitled to the exemption and held that claimants were eligible for unemployment insurance benefits. Following hearings in each case, an Administrative Law Judge agreed. SCOPE appealed to the Unemployment Insurance Appeal Board which, after a consolidated hearing, affirmed the Administrative Law Judge's findings as to each claimant. SCOPE appeals each decision.

We now affirm. We previously have accepted the Department of Labor's definition of an educational institution, as " 'an organization established for the purpose of operating a school, schools, or alternative educational experience offering a program of instruction in academic, technical or vocational subjects, which is certified by, under contract to or subject to the regulations of the Commissioner of Education' " (*Matter of Fischer [Children's Corner of Larchmont/Mamaroneck—Commissioner of Labor]*, 26 AD3d 551, 552 [2006], quoting New York State Department of Labor, Special Bulletin A-710-53, II [A] [rev Feb. 1989]). Although SCOPE argues that we should reject this definition and craft a new one since the meaning of the term "educational institution" is one of pure statutory construction and, thus, deference need not be accorded the administrative agency's interpretation of the relevant statutory language (*see Lorillard Tobacco Co. v Roth*, 99 NY2d 316, 322 [2003]; *Matter of Gruber [New York City Dept. of Personnel—Sweeney]*, 89 NY2d 225, 231-232 [1996]; *Matter of Scott [Commissioner of Labor]*, 25 AD3d 939, 940 [2006]; *Matter of Wojnar [Commissioner of Labor]*, 5 AD3d 899, 900 [2004]), we find the definition to be

useful and in full accord with the plain meaning of the statutory language.

We thus turn to the question of whether the Board's conclusion that SCOPE does not meet the definition of an educational institution is supported by substantial evidence, and we hold that it is. SCOPE is chartered by the Department of Education as an "education corporation . . . organized and operated exclusively for educational purposes." It carries out its stated purpose of improving education in local school districts by entering into contracts with its member schools. SCOPE is funded by membership fees it collects from its members and fees charged for certain programs. In the case of the before/after school programs, the schools provide the facility and parents pay a fee for the service. Other services provided by SCOPE include, but are not limited to, staff development programs and in-service training, management and administrative services, such as safety assessments, hiring assistance and security training, adult education courses, preschools, extended kindergarten, summer programs, gifted and talented programs, and SAT preparatory courses. SCOPE has also published educational almanacs and peer review articles.

Although we have held preschools to be educational institutions (*see Matter of Nierenberg [Levine]*, 48 AD2d 729, 729 [1975]; *Matter of Sherwin [Levine]*, 48 AD2d 733, 733 [1975]; *see also* New York State Department of Labor, Special Bulletin A-710-53, II [A] [rev Feb. 1989]),* we previously have upheld the Board's finding that an employer who operates a noninstructional before and after care program is not (*see Matter of Fischer [Children's Corner of Larchmont/Mamaroneck—Commissioner of Labor]*, 26 AD3d at 552). In that case, as here, the employer also operated a kindergarten but the claimant was not employed at the kindergarten (*id.* at 553). Thus, the fact that SCOPE offers some services that are entirely educational in nature is not determinative of whether SCOPE is an educational institution in the context of its employment of these claimants.

Nor is SCOPE's charter and purpose controlling. While SCOPE's constitution implies that its purpose is entirely educational in nature, "the purpose of the organization [is] not determinative . . . since 'the statute provides for exemption based on the nature of the employing organization' " (*Matter of Organization of Ancillary Servs. of State Univ. Coll. at Oneonta,*

---

* Notably, SCOPE's preschool and kindergarten programs are not registered with the Department of Education, it is not authorized to confer degrees or call itself a college, nor is attendance in its programs mandated by any state entity.

*N.Y. [Hartnett]*, 152 AD2d 777, 779 [1989], *lv dismissed* 74 NY2d 932 [1989], *lv denied* 76 NY2d 707 [1990], quoting *Matter of Faculty Student Assn. of State Univ. of Oneonta v Ross*, 54 NY2d 460, 463-464 [1981]). Further, affiliation with an educational institution is not sufficient; we have upheld a Board determination that a subsidiary of an educational institution which provides noneducational services (i.e., food service) does not qualify as an educational institution (*see Matter of Axtell [North Country Community Coll. Assn., Inc.—Commissioner of Labor]*, 35 AD3d 943, 944 [2006]).

Significantly, SCOPE's before/after school programs—which provide approximately one third of SCOPE's total revenues and employ approximately 400 of SCOPE's 825 employees, including each of the claimants—like its daycare programs, are not regulated or licensed by the Department of Education, but by the Office of Children and Family Services. Further, the extensive record before us supports the Board's conclusion that, while offering students the opportunity to work on their homework, the primary purpose of the programs is child care, rather than education. The programs provide a place of supervision for children of variable ages ranging from kindergarten through sixth grade in a single location. Under these circumstances, we conclude that the Board's determination is supported by substantial evidence (*see id.* at 944; *Matter of Fischer [Children's Corner of Larchmont/Mamaroneck—Commissioner of Labor]*, 26 AD3d at 552; *Matter of Joseph Weinstein Elec. Corp. [Commissioner of Labor]*, 295 AD2d 767, 768 [2002]).

Cardona, P.J., Carpinello, Kavanagh and Stein, JJ., concur. Ordered that the decisions are affirmed, without costs.