■ In the Matter of the Claim of RENE BUIZA, Respondent. DEPENDABLE DELIVERY, INC., Appellant; LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Weiss, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 10, 1985 which, inter alia, ruled that claimant was entitled to receive benefits.

Dependable Delivery, Inc. (Dependable), operates a service delivering newspapers and periodicals to business establishments in New York City. Dependable has several full-time employees who prepare and package newspaper bundles and also make certain deliveries. Dependable also utilizes the services of several owner-operators, including claimant, to deliver the bundles. At issue is whether the Unemployment Insurance Appeal Board's determination that the latter group are employees of Dependable and not independent contractors is supported by substantial evidence. In resolving this question, it is axiomatic that no single factor is dispositive but that the control exercised over a claimant is a significant factor (Matter of Wells [Utica Observer-Dispatch & Utica Daily Press —Roberts], 87 AD2d 960, affd 59 NY2d 638).

Our review of the record discloses several relevant characteristics of the relationship. Dependable's employees prepared the bundles for delivery by 5:00 A.M. which claimant, in turn, was required to deliver by 8:00 A.M.; the delivery route was established by Dependable, although without any specific sequence; claimant signed a written agreement identifying her as a "contractor" to deliver certain days of the week, but was authorized to obtain a substitute when necessary; no restric-

tions were placed on claimant's right to work elsewhere; claimant was paid weekly pursuant to a rate fixed by Dependable; soliciting and billing of customers was handled by Dependable and claimant was entitled to payment regardless of whether the customer ultimately paid for the services rendered; Dependable entertained complaints concerning deliveries and bore the risk of loss for damaged goods; Dependable included the drivers under its workers' compensation plan and also on its automobile liability policy; no allowances were made for a driver's operating expenses, nor were any deductions made from the weekly payments.

Considered as a whole, we find that the foregoing provides sufficient indicia of control to support the Board's finding of an employer-employee relationship (see, Matter of Wells [Utica Observer-Dispatch & Utica Daily Press—Roberts], 87 AD2d 960, supra; cf. Matter of Rivera [State Line Delivery Serv.—Roberts], 120 AD2d 852). That the record also contains several factors indicative of an independent contractor relationship does not compel a different result, for the Board's resolution of this factual inquiry must be sustained where, as here, substantial evidence supports the determination reached.

Decision affirmed, without costs. Kane, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.