■ In the Matter of the Claim of TERRANCE P. CULLITEN, Respondent. MARLETTE NATIONAL CORPORATION, INC., Doing Business as BUFFALO BUMPER EXCHANGE, Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [642 NYS2d 100] —Appeal from a decision of the Unemployment Insurance

Appeal Board, filed July 18, 1995, which assessed Marlette National Corporation, Inc. for additional unemployment insurance contributions.

After working for Marlette National Corporation, Inc., doing business as Buffalo Bumper Exchange (hereinafter Marlette), as a sales assistant for about 12 years, claimant became a sales representative. He was subsequently discharged from this position and applied for unemployment insurance benefits. After a hearing, the Board found that claimant was an employee of Marlette and assessed Marlette for additional unemployment insurance contributions based upon the remuneration paid to claimant and to others similarly situated. Marlette appeals from this decision, arguing that, in his capacity as a sales representative, claimant was an independent contractor and not an employee.

Whether an employment relationship exists within the meaning of the unemployment insurance law is a question of fact, with no one factor being determinative, and if the determination by the appeal board is supported by substantial evidence, it is beyond further judicial review even though there is evidence in the record that would have supported a contrary conclusion (*see, Matter of Concourse Ophthalmology Assocs. [Roberts]*, 60 NY2d 734, 736). Here, although claimant no longer received a salary and was compensated through commissions when he became a sales representative, Marlette continued to provide him with a company car, sales literature, business cards and use of a secretary. In addition, Marlette established pricing, confined claimant to a specific sales territory, provided claimant with preestablished accounts and bore the risk of nonpaying customers. Under the circumstances presented, we find that substantial evidence supports the Board's finding that claimant was an employee of Marlette and not an independent contractor (*see, e.g., Matter of Neil [Enesco Imports Corp.—Hudacs]*, 180 AD2d 990, *lv denied* 80 NY2d 758).

White, J. P., Casey, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.