■ In the Matter of the Claim of JOHN ZAWESKI, Respondent. FARM FAMILY LIFE INSURANCE COMPANY, Appellant; COMMISSIONER OF LABOR, Respondent. (And Another Related Claim.) [675 NYS2d 172] —Crew III, J. Appeals from four decisions of the Unemployment Insurance Appeal Board, filed April 17, 1997, which ruled that Farm Family Life Insurance Company and Farm Family Mutual Insurance Company Corporation were liable for unemployment insurance contributions on remuneration paid to claimant and those similarly situated.

In 1988, claimant became employed by Farm Family Life Insurance Company in its training program. After claimant successfully took and passed the licensing examinations for life and property/casualty insurance, he entered into separate agency contracts with Farm Family Life Insurance Company and Farm Family Mutual Insurance Company Corporation (hereinafter the companies). Claimant sold insurance for the companies pursuant to these contracts until he was terminated in February 1994. Following his termination, claimant filed for unemployment insurance benefits and initially was found to be eligible therefor. The companies then filed objections and, after combined hearings, an Administrative Law Judge (hereinafter ALJ) found sufficient evidence of supervision and control to

support a finding of an employer/employee relationship. The Unemployment Insurance Appeal Board affirmed the ALJ's decisions and these appeals ensued.

Whether an employment relationship exists within the meaning of the unemployment insurance law involves a factual determination, with no one factor being determinative, and if the determination by the Board is supported by substantial evidence, it is beyond further judicial review even where there is evidence in the record that would have supported a contrary conclusion (see, Matter of Culliten [Marlette Natl. Corp.—Sweeney], 227 AD2d 769, 770). Such is the case here.

To be sure, upon signing his agency contracts, which designated him as an independent contractor, claimant no longer received a salary and instead was compensated by commissions. Although such are indicia of non-employee status, the relevant contracts further provided that all business and clients generated by claimant were the property of the companies and prohibited claimant from selling or soliciting insurance for a period of two years following termination of the contracts. Additionally, claimant was required to work in one of the offices of the companies, and all of his secretarial and clerical help were employees of the companies. Claimant also was assigned a sales territory and, while not prohibited from selling beyond his territory, was discouraged from doing so. The record further reveals that during calendar year 1993, claimant's production fell below acceptable standards of the companies, as a result of which he was required to submit weekly plan sheets to his manager and make a predetermined number of telephone calls and personal contacts with potential clients. Finally, and most significantly, claimant did not have the discretion to place insurance with competing carriers when it appeared to be in the best interests of his customers. To the contrary, claimant was required to place his customers' business first with the companies and, if they declined to underwrite the risk, he then was required to offer the business to a subsidiary of the companies. Only if the subsidiary declined the risk was claimant at liberty to place the insurance with a competing carrier (compare, Matter of Watz [Equitable Life Assur. Socy.—Ross], 60 AD2d 259, affd 46 NY2d 876). Given these circumstances, we find that substantial evidence supports the Board's finding that claimant was an employee of the companies and not an independent contractor. We have examined claimant's remaining contentions and find them equally without merit.

Cardona, P. J., White, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the decisions are affirmed, without costs.