■ In the Matter of the Claim of EDWARD O. HOYT, Respondent. PROJECT SOLVERS, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [681 NYS2d 692] —Mikoll, J. P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 13, 1997, which ruled that Project Solvers, Inc. was liable for additional unemployment insurance contributions based upon remuneration paid to claimant and all others similarly situated.

Project Solvers, Inc. is engaged in the business of matching the needs of its client companies in the fashion industry with

the services of, among others, clothing designers, merchandisers and pattern makers. Claimant was assigned by Project Solvers, Inc. to work for the J. Crew catalog company. After his employment ended, the Unemployment Insurance Appeal Board ruled that claimant was eligible for benefits in that Project Solvers had exercised sufficient direction and control over his work to establish an employer/employee relationship with claimant and all others similarly situated. This appeal by Project Solvers ensued.

The record includes the following indicia of employment. Project Solvers interviewed and then selected the workers whom it deemed qualified to perform the services required by its clients. Once a worker was assigned to a client, Project Solvers paid the worker directly, even if assignments were not completed to the client's satisfaction. In turn, Project Solvers collected payment from the client, including its commission. While it did not specify the amount to be paid to its workers, Project Solvers did inform its clients as to acceptable maximum and minimum salaries. Further, Project Solvers required workers to submit weekly time sheets showing the number of hours worked.

Substantial evidence supports the Board's decision (*see, Matter of Rubin [Freelance Advantage—Sweeney]*, 236 AD2d 679, 680-681; *see also, Matter of Boone [Shore Rd. Community Serv.—Sweeney]*, 245 AD2d 617; *Matter of Ortega [Neiman—Sweeney]*, 217 AD2d 725). As this Court has previously held, an organization engaged in the business of screening workers, paying their salaries and matching their services with the needs of its clients may be found to have exercised the degree of direction and control necessary to establish an employer/employee relationship (*see, Matter of Kimberg [Hudacs]*, 188 AD2d 781).

Crew III, Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.