■ In the Matter of the Claim of SONG LEE, Respondent. WORLD BOOK, INC., Appellant; COMMISSIONER OF LABOR, Respondent. (And Another Related Claim.) [688 NYS2d 791] —Appeals from two decisions of the Unemployment Insurance Appeal Board, filed November 14, 1997, which, *inter alia,* assessed World Book, Inc. for additional unemployment insurance contributions on remuneration paid to claimant and those similarly situated.

World Book, Inc. operates a business engaged in publishing encyclopedias and other educational books. It is undisputed that claimant was hired as a salesperson by World Book and worked in that capacity as an admitted employee through December 31, 1995. World Book determined, however, that, effective January 1, 1996, it would no longer treat its sales staff as employees, but as independent contractors. Branch managers such as claimant became regional directors and were required to form their own businesses. In lieu of a salary, branch managers began receiving a flat percentage of money which they were expected to use to pay themselves and hire other staff. Branch managers were required to purchase products from World Book and the purchase price would be deducted from commissions due. Other than the change in the form of compensation and distribution of products, claimant's job duties did not substantially change. Claimant continued to sell World Book's products at prices set by World Book and he was not allowed to sell competitors' products. All advertising had to be approved by World Book and claimant's attendance at certain meetings was required. Claimant continued to be assigned a specific territory and was given sales leads by World Book.

World Book challenges two decisions of the Unemployment

Insurance Appeal Board finding it liable for additional unemployment insurance contributions based on remuneration paid to claimant and those similarly situated. Upon review of the record, we find that there is substantial evidence to support the Board's conclusion that World Book exercised sufficient control over the services performed by these individuals to establish their status as employees (*see, Matter of Forbes [Brooklyn Ctr. for Families in Crisis—Sweeney]*, 242 AD2d 807, 808). This remains true despite the existence of other evidence in the record which could support a contrary result (*see, Matter of Ramirez [Gottlieb Jewelry—Commissioner of Labor]*, 256 AD2d 705, 706).

And insofar as World Book alternatively argues that claimant's claim should have been disallowed because he was allegedly terminated for cause, it suffices to note that the record demonstrates that World Book did not contest the claim on that basis and the Administrative Law Judge refused to allow any testimony as to extraneous issues. World Book's remaining contentions have been considered and rejected as unpersuasive.

Mikoll, J. P., Mercure, Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the decisions are affirmed, without costs.