■ In the Matter of the Claim of PETER D. NIELSEN, Respondent. BARRIER WINDOW SYSTEMS, INC., Appellant; COMMISSIONER OF LABOR, Respondent. (And Another Related Claim.) [689 NYS2d 746] —Appeal from two decisions of the Unemployment Insurance Appeal Board, filed June 3, 1998, which, *inter alia*, ruled that Barrier Window Systems, Inc. was liable for unemployment insurance contributions paid to claimant and those similarly situated.

Claimant worked as a sales representative for Barrier Window Systems, Inc., a company engaged in selling and installing windows and other home improvements. Claimant contacted Barrier in response to a newspaper advertisement, completed a Barrier application form and was provided with training. Claimant was required to attend sales training meetings and Barrier set his commission schedules, although claimant did receive a guaranteed regular weekly draw in advance of earned commissions. Barrier provided claimant with supplies, sales aids and, occasionally, sales leads. Additionally, because Barrier scheduled claimant's sales calls, it required him to tell the company in advance when he wished to take time off and claimant also had to call in and discuss any results after each assigned sales call.

The Unemployment Insurance Appeal Board ruled that Barrier exercised sufficient direction and control over claimant's work to establish the existence of an employment relationship (*see, Matter of Dolhon [United Group Agency—Sweeney]*, 236 AD2d 749). We conclude that, although evidence was submitted that might justify a different conclusion, the record contains substantial evidence to support the Board's finding that claimant worked as a sales representative in an employment relationship (*see, Matter of Zaweski [Farm Family Life Ins. Co.—Commissioner of Labor]*, 251 AD2d 913). The fact that claimant's contract identified him as an "independent contractor" does not mandate a contrary result (*see, Matter of Francis [West Sanitation Servs.—Sweeney]*, 246 AD2d 751, 752, *lvs dismissed* 92 NY2d 886, 93 NY2d 833). Accordingly, we find no reason to disturb the Board's decisions ruling that claimant and others similarly situated are Barrier's employees.

Cardona, P. J., Mikoll, Mercure, Crew III and Peters, JJ., concur. Ordered that the decisions are affirmed, without costs.