■ In the Matter of ENJOY THE SHOW MANAGEMENT, INC., Doing Business as TEASERS, Appellant. COMMISSIONER OF LABOR, Respondent. [731 NYS2d 287] —Cardona, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 8, 1999, which assessed Enjoy the Show Management, Inc. for additional unemployment insurance contributions.

Enjoy the Show Management, Inc. (hereinafter ETSM) operates a nightclub which provides dancers to entertain its patrons. ETSM challenges a decision of the Unemployment Insurance Appeal Board assessing it additional unemployment insurance contributions on the basis that an employer-employee relationship existed between ETSM and the dancers.

The record establishes that ETSM obtains dancers through advertisements or word of mouth. A dancer then fills out an application, is interviewed and auditions for ETSM to determine whether the requirements of ETSM have been met. In some instances, the dancers are referred for training by ETSM.

The dancers provide ETSM with times during which they are available; however, ETSM schedules the dancers' hours pursuant to its scheduling needs. ETSM provides time sheets that must be filled out weekly and sets the rate of pay. The dancers provide their own costumes and music, but are required to use and pay a fee for the stage equipment owned by ETSM.

Under the circumstances herein, there is substantial evidence to support the conclusion of the Board that ETSM exercised sufficient direction and control over the dancers to establish their status as employees (*see, Matter of Hoyt [Project Solvers—Commissioner of Labor]*, 256 AD2d 859; *see also, Matter of Educaid, Inc. [Hartnett]*, 176 AD2d 420, *lv denied* 79 AD2d 751), notwithstanding the fact that they are required to sign a contract designating them as independent contractors (*see, Matter of Nielsen [Barrier Window Sys.—Commissioner of Labor]*, 261 AD2d 743). Notably, even if "the record also contains several factors indicative of an independent contractor relationship [it] does not compel a different result, for the Board's resolution of this factual inquiry must be sustained where, as here, substantial evidence supports the determination reached" (*Matter of Buiza [Dependable Delivery—Roberts]*, 122 AD2d 416, 417).

Finally, we note that rulings of the Internal Revenue Service regarding whether an employer-employee relationship exists for tax purposes are not binding upon the Board (*see, Matter of Gliemmo [Pomona Park Kennels—Commissioner of Labor]*, 268 AD2d 854, 855; *Matter of American Home Improvement Prods. [Commissioner of Labor]*, 261 AD2d 760, 762). Therefore, ETSM's reliance on a ruling in its favor is not dispositive herein.

Mercure, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.