■ In the Matter of JOSEPH WEINSTEIN ELECTRIC CORPORATION, Appellant. COMMISSIONER OF LABOR, Respondent. [744 NYS2d 68] —Spain, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 7, 2001, which assessed Joseph Weinstein Electric Corporation for additional unemployment insurance contributions.

Joseph Weinstein Electric Corporation (hereinafter the corporation) provides electrical installation and repair services to its customers. The corporation assesses a client's needs and then contacts a suitable electrician from a list it maintains to ask if the electrician is available for the job. Electricians are reached either by telephone or by beeper, neither of which is provided by the corporation. The electricians are free to decline an assignment and to work elsewhere. If the job is accepted, payment is negotiated at the time of assignment. The corporation pays the electrician, at either an hourly rate or by the job. Electricians are paid by the corporation even if the customer fails to pay the corporation.

The electricians supply their own tools and vehicles but the corporation pays for all materials and reimburses electricians for parking and tolls. The corporation obtains all permits necessary to perform the job. Electricians can arrange their own hours and can hire helpers without the corporation's consent, but electricians must notify the corporation when a job is completed so the corporation can inspect the work. If the work is done improperly, the electrician must correct it.

In a previous proceeding, the Unemployment Insurance Appeal Board determined that the corporation exercised sufficient direction and control over the services performed by the electricians to establish their status as employees for the purposes of unemployment insurance coverage. In the hearing in the instant matter, Steven Weinstein, the corporation's controller, testified that the terms and conditions of employment had not changed since that earlier decision. Accordingly, the Administrative Law Judge sustained the Board's audit determination assessing the corporation for additional unemployment insurance contributions. The Board affirmed the Administrative Law Judge's decision and the corporation now appeals.

We defer to the Board's consistent factual determination in this matter, since substantial evidence exists to support that determination (*see, Matter of DM & M Cable Servs. [Commissioner of Labor]*, 288 AD2d 643; *Matter of Enjoy the Show Mgt. [Commissioner of Labor]*, 287 AD2d 822, 823). The existence of some record evidence to the contrary does not compel a different result (*see, Matter of Enjoy the Show Mgt. [Commissioner of Labor], supra; Matter of Viniotis [Town of Islip—Commissioner of Labor]*, 280 AD2d 731, 732).

Mercure, J.P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.