In the Matter of the Claim of FRANCES STUCKELMAN, Respondent. BLODNICK, GORDON, FLETCHER & SIBELL, P.C., Appellant; COMMISSIONER OF LABOR, Respondent. [791 NYS2d 225]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 22, 2003, which, inter alia, assessed Blodnick, Gordon, Fletcher & Sibell, P.C. for additional unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.

Claimant worked as a legal secretary for the law firm of Blodnick, Gordon, Fletcher & Sibell, P.C. from 1998 until 2002. Her duties entailed preparing pleadings in negligence cases for Lawrence Gordon, one of the law firm's partners. When claimant's employment ended, she applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board ultimately ruled that claimant was an employee of the law firm and entitled to receive benefits. The Board also ruled that the law firm was liable for additional unemployment insurance contributions based on remuneration paid to claimant and others similarly situated. The law firm appeals.

"Whether an employment relationship exits . . . involves a factual determination, with no one factor being determinative, and if the determination by the Board is supported by substantial evidence, it is beyond further judicial review even where there is evidence in the record that would have supported a contrary conclusion" (*Matter of Zaweski [Farm Family Life Ins. Co.—Commissioner of Labor]*, 251 AD2d 913, 914 [1998] [citation omitted]). An employment relationship may be established by a demonstration of control over the results produced or over the means used to achieve those results, with the latter being the more important factor (*see Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725, 726 [1984]). Here, evidence was adduced establishing that Gordon assigned files to claimant and reviewed her work. Moreover, claimant performed her duties at the law firm's office, used its equipment and supplies and answered the telephone. Furthermore, claimant was paid on an hourly basis, was required to account for the hours she worked and needed the office manager's permission to change her work schedule. Inasmuch as the foregoing indicates that the law firm

exercised a sufficient amount of control over claimant's activities to establish an employment relationship, substantial evidence supports the Board's decision. The fact that the law firm considered claimant to be an independent contractor and claimant deducted expenses on her federal tax return as if she were self-employed does not compel a contrary result (*see Matter of Wilde [Enesco Imports Corp.—Sweeney]*, 236 AD2d 722, 723 [1997], *lv denied* 89 NY2d 817 [1997]).

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.