■ In the Matter of the Claim of RYAN LAMBERT, Respondent. STAUBACH RETAIL SERVICES NEW ENGLAND, LLC, Appellant; COMMISSIONER OF LABOR, Respondent. [794 NYS2d 742]—

Cardona, P.J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed October 31, 2003, which, inter alia, assessed Staubach Retail Services New England, LLC for additional unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.

Claimant worked as a sales representative for Staubach Retail Services New England, LLC, a company engaged in the business of soliciting and assisting commercial tenants in the location, lease and disposition of retail properties. When claimant ceased working for Staubach in 2002, he applied for and was deemed eligible for unemployment insurance benefits by the Department of Labor, which assessed Staubach for additional unemployment insurance contributions on the ground that claimant and Staubach's other salespersons were its employees rather than independent contractors. Following a hearing, an Administrative Law Judge upheld the Department's determination. The Unemployment Insurance Appeal Board affirmed, resulting in this appeal by Staubach.

It is well established that the existence of an employer-employee relationship is a factual determination for the Board to resolve, and it will not be disturbed when it is supported by substantial evidence (*see Matter of Zelenka [Versace Profumi USA—Commissioner of Labor]*, 304 AD2d 927, 928 [2003]; *Matter of Gains, Inc. [Commissioner of Labor]*, 298 AD2d 754, 754 [2002]). Critical to the Board's analysis in this regard is the identification of indicia of control exerted by the employer over the results produced or, more significantly, the means utilized to achieve those results (*see Matter of Hertz Corp. [Commissioner of Labor]*, 2 NY3d 733, 735 [2004]; *Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725, 726 [1984]).

Here, the Board considered numerous such indicia exerted by Staubach over claimant and other salespersons it retained, many of which were memorialized in a standard salesperson contract executed between them. Among other things, the contract reserved for Staubach the right to review and approve all proposed listing agreements or other contracts drafted by salespersons, directed that all such documents be issued in Staubach's name and remain its property, and required the salespersons to designate Staubach as their attorney-in-fact for all matters relating to commissions earned or other company business. Salespersons were also required to undergo drug testing and abide by other directives in Staubach's "Independent Contractor" policy and procedures manual governing, among other things, workplace conduct and proper use of e-mail and the Internet.

Additionally, Staubach reserved the right to require its salespersons to attend periodic meetings for the purpose of coordinating sales efforts, directed them to enter into commission-splitting agreements amongst themselves and prohibited them from using company trade secrets or client information for the benefit of anyone but Staubach for the duration of the sales agreement and "an indefinite period thereafter." Finally, Staubach's managing principal testified that Staubach provided its salespersons with their own company office space and equipment with which to conduct transactions and gave them the option of being paid a draw against their commissions, which claimant regularly exercised. In light of all the proof, we find that substantial evidence supports the Board's decision that claimant and his fellow salespersons were Staubach's employees and we perceive no basis to disturb it, notwithstanding the existence of evidence in the record that could support a different result (*see Matter of O'Toole [Biomet Marx & Diamond, Inc.—Commissioner of Labor]*, 13 AD3d 767,

768 [2004]; *Matter of George [Upstate Merchandising—Commissioner of Labor]*, 254 AD2d 657, 657-658 [1998]).

Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.