In the Matter of the Claim of MEGAN J. O'NEIL-HAIGHT, Respondent. COUNTY OF YATES, Appellant; COMMISSIONER OF LABOR, Respondent. [823 NYS2d 632]—

Mercure, J.P. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed May 26, 2005, which ruled that the County of Yates was liable for additional unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.

The County of Yates Health Department and seven other health departments formed the Steuben Allegany Yates Rural Health Network (hereinafter SAY) in order to improve the quality of services for developmentally disabled children. Claimant was thereafter hired by SAY and began working in January

2004 as an early childhood coordinator. In April 2004, claimant's contract was terminated because SAY's management team felt that she was making insufficient progress. The Unemployment Insurance Appeal Board subsequently awarded claimant unemployment insurance benefits, determining that she and all other similarly situated persons were employees for unemployment insurance purposes. These appeals by the County of Yates, which have been consolidated by an order of this Court, ensued.

We affirm. Whether an employer-employee relationship exists is a factual determination for the Board to resolve and its determination will not be disturbed so long as it is supported by substantial evidence (*see Matter of Greenspan [Adco Paper & Packaging Co.—Commissioner of Labor]*, 31 AD3d 1092, 1093 [2006]; *Matter of Kelly [Frank Gallo, Inc.—Commissioner of Labor]*, 28 AD3d 1044, 1045 [2006], *lv dismissed* 7 NY3d 844 [2006]). Critical to such a determination is whether the purported employer exercised control over the results or, more significantly, the means by which those results were generated (*see Matter of O'Toole [Biomet Marx & Diamond—Commissioner of Labor]*, 13 AD3d 767, 767-768 [2004]; *Matter of Medical Transcription Plus [Commissioner of Labor]*, 302 AD2d 689, 690 [2003]). Here, the record reveals that SAY's management team interviewed claimant and discussed the job description with her prior to hiring her (*see Matter of Hoyt [Project Solvers—Commissioner of Labor]*, 256 AD2d 859, 860 [1998]). In addition, claimant regularly received guidance from SAY personnel regarding the work that needed to be accomplished, a plan for accomplishing it and the proper approach to be taken with individuals in specific counties—i.e., the manner in which the work was to be performed. Claimant was also required to submit monthly reports to SAY documenting the work that she had performed and she received reimbursement for travel, meals and office supplies (*see Matter of Aubrey [NGT Lib., Inc.—Commissioner of Labor]*, 8 AD3d 803, 804 [2004]). Thus, notwithstanding the existence of certain indicia of nonemployment status, such as the services agreement provision designating claimant an independent contractor, the absence of office space and the fact that claimant did not have set hours or need permission to take time off, we conclude that the record as a whole contains substantial evidence to support the Board's finding of an employer-employee relationship (*see Matter of Greenspan [Adco Paper & Packaging Co.—Commissioner of Labor]*, supra at 1093; *Matter of O'Toole [Biomet Marx & Diamond—Commissioner of Labor]*, supra at 768; *Matter of Enjoy the Show Mgt. [Commissioner of Labor]*, 287 AD2d 822, 823 [2001]).

Crew III, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.