■ In the Matter of the Claim of ANUWINDER K. SINGH, Respondent. THOMAS A. SIRIANNI, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [840 NYS2d 245]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 5, 2005, which ruled that Thomas A. Sirianni, Inc. was liable for additional unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.

Claimant worked for Thomas A. Sirianni, Inc. as an attorney witness and notary for real estate closings. After her employment ended, claimant applied for unemployment insurance benefits. The Department of Labor initially determined that claimant was an employee of Sirianni and that Sirianni was liable for contributions based on remuneration paid to claimant and all other persons similarly situated. Sirianni objected on the ground that claimant was an independent contractor. After a hearing, the Administrative Law Judge sustained the initial determination and the Unemployment Insurance Appeal Board affirmed. Sirianni now appeals.

The existence of an employer-employee relationship is a factual issue for the Board to resolve and its determination will not be disturbed so long as it is supported by substantial evidence (*see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]; *Matter of O'Neil-Haight [County of Yates—Commissioner of Labor]*, 34 AD3d 1041, 1042 [2006]). "[T]he existence of 'other evidence (even the greater weight of the evidence) supporting an opposing determination merely cre-

ate[s] a credibility issue for the Board's determination in the exercise of its exclusive fact-finding authority' " (*Matter of Westney [Classic Airport Share-Ride,* 262 AD2d 894, 896 [1999], quoting *Matter of Eisner [Hertz Corp.—Commissioner of Labor],* 252 AD2d 847, 848 [1998], *appeal dismissed* 92 NY2d 946 [1998]). Although a major focus of the inquiry is generally whether the purported employer exercises control over the results and the means of producing them (*see Matter of Medical Transcription Plus [Commissioner of Labor],* 302 AD2d 689, 690 [2003]; *Matter of Saalfield [Eber Bros. Wine & Liq. Co.—Commissioner of Labor],* 37 AD3d 928, 929 [2007]), in those cases involving professional services the Board's determination will be sustained if it is "supported by substantial evidence of control over important aspects of the services performed other than results or means" (*Matter of Concourse Ophthalmology Assoc. [Roberts], supra* at 736; *see Matter of International Student Exch. [Commissioner of Labor],* 302 AD2d 834, 835 [2003]; *Matter of Bedin [Trussardi (USA)—Commissioner of Labor],* 257 AD2d 809, 810 [1999]).

In this case, there is testimony in the record indicating, among other things, that Siriani recruited claimant through an advertisement in an alumni publication (*see Matter of La Fleur [LTI, Inc.—Commissioner of Labor],* 27 AD3d 935, 936 [2006], *lv dismissed* 7 NY3d 783 [2006]; *Matter of Guidicipietro [Hariton & D'Angelo, LLP—Commissioner of Labor],* 24 AD3d 1159, 1159 [2005]), interviewed her prior to hiring her (*see Matter of O'Neil-Haight [County of Yates—Commissioner of Labor], supra* at 1042), scheduled the closings, required her to submit time sheets, collected fees from the customers and paid claimant directly (*see Matter of Abramson [Commissioner of Labor],* 29 AD3d 1191, 1192 [2006]; *Matter of Joseph Weinstein Elec. Corp. [Commissioner of Labor],* 295 AD2d 767, 767 [2002]).

This Court has previously held that "an organization which screens the services of professionals, pays them at a set rate and then offers their services to clients exercises sufficient control to create an employment relationship" (*Matter of Kimberg [Hudacs],* 188 AD2d 781, 781 [1992]). Although there is testimony in the record which would support a contrary conclusion, we find substantial evidence to support the Board's determination (*see Matter of Rosenthal [Commissioner of Labor],* 256 AD2d 711 [1998]). The fact that claimant signed a written agreement identifying her as an independent contractor does not compel a different result (*see Matter of Noel [Life Alert Emergency Response, Inc.—Commissioner of Labor],* 38 AD3d 1082, 1084 [2007]; *Matter of Kelly [Frank Gallo, Inc.—Commissioner of*

*Labor]*, 28 AD3d 1044, 1045 [2006], *lv dismissed* 7 NY3d 844 [2006]).

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.