■ In the Matter of the Claim of HOWARD E. LESSMAN, Respondent. SNOWLIFT LLC, Appellant; COMMISSIONER OF LABOR, Respondent. [864 NYS2d 194]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 14, 2007, which ruled that Snowlift LLC was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

Snowlift LLC is engaged in the business of providing snow removal services at two major airports in the New York City metropolitan area. It obtained contracts with the airlines and the Port Authority of New York and New Jersey to perform such work after submitting successful bids complying with the Port Authority's requirements. To fulfill these contracts, Snowlift solicited and retained a number of individuals, including claimant, to operate the snow removal equipment at the airports. The Unemployment Insurance Appeal Board ruled that these individuals were Snowlift's employees and, as such, held it liable for additional unemployment insurance contributions of $87,643.27 based on remuneration paid to them. Snowlift appeals.

Initially, we note that the existence of an employment relationship is a factual issue to be resolved by the Board and its decision will be upheld if supported by substantial evidence (*see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]). "Critical to such a determination is whether the purported employer exercised control over the results or, more significantly, the means by which those results were generated" (*Matter of O'Neil-Haight [County of Yates—Commissioner of Labor]*, 34 AD3d 1041, 1042 [2006] [citations omitted]; *see Matter of Lambert [Staubach Retail Servs. New England, LLC—Commissioner of Labor]*, 18 AD3d 1049, 1050 [2005]). Although necessitated by the highly regulated nature of the contracts awarded to Snowlift, the record discloses that it exercised considerable control over many aspects of the operators' work. It not only paid them on a hourly basis and furnished the equipment they were to use to remove the snow, it also provided them with meals while they were on the job site. Significantly, a Snowlift representative was always on site to take direction from the Port Authority manager and to escort the operators to the areas to be cleared, effectively overseeing the entire operation. Notwithstanding the existence of evidence that would support a finding that the operators were independent contractors, substantial evidence supports the Board's decision (*see Matter of Mirsky [Twin-Tex Corp.—Commissioner of Labor]*, 38 AD3d 1029 [2007]). Thus, we decline to disturb it.

Cardona, P.J., Spain, Carpinello, Kane and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.