In the Matter of the Claim of PATRICIA N. REICH, Respondent. POSNER & GAIER, Appellant; COMMISSIONER OF LABOR, Respondent. [865 NYS2d 760]—

Lahtinen, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 13, 2007, which, among other things, ruled that the employer was liable for unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.

Claimant, an attorney, worked for the law firm of Posner & Gaier from June 2002 until her employment was terminated in March 2005. Claimant applied for unemployment insurance benefits and, after several hearings, it was determined that Posner was liable for contributions for claimant and similarly situated attorneys in its employ, claimant was not disqualified from receiving benefits since she did not lose her employment because of misconduct, and claimant was eligible to receive benefits in March 2005. The Unemployment Insurance Appeal Board affirmed and Posner now appeals.

We affirm. Substantial evidence supports the Board's finding that Posner exercised sufficient "control over important aspects of the services performed" (*Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]) by claimant thereby creating an employer-employee relationship. The record reflects that claimant worked on cases accepted by Posner, clients brought to the firm by claimant became clients of Posner, claimant was required to accept all work assignments, Posner determined claimant's billing rate, claimant performed supervisory functions when the principals of the firm were out of the office, and claimant's duties did not change when she became a W-2 employee in February 2005* (*see Matter of Singh [Thomas A. Sirianni, Inc.—Commissioner of Labor]*, 43 AD3d 498, 499 [2007]).

Posner's remaining contentions, including that claimant was terminated for misconduct, have been considered and found unpersuasive.

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Claimant was paid her total gross wages without deductions which were reported on an IRS 1099 form from the beginning of her employment until February 2005 when her wages were reported on an IRS W-2 form in order for her to be eligible for employer sponsored health insurance.