■ In the Matter of the Claim of CHARLES W. WANNEN, Respondent. ANDREW GARRETT INC., Appellant; COMMISSIONER OF LABOR, Respondent. (And Another Related Claim.) [868 NYS2d 399]—

Claimant was employed as a stockbroker at an office located in Nassau County, which was operated by a partnership formed by Mark Goetz and Edward Goetz. The partnership entered into a contractual relationship with Andrew Garrett Inc., a securities broker/dealer licensed by the National Association of Securities Dealers (hereinafter NASD), wherein brokers employed by the partnership could make stock trades under

Garrett's license and Garrett would share in any commissions generated by such trades.

After claimant resigned his position with the partnership in December 2005, he filed an application for unemployment insurance benefits. The Unemployment Insurance Appeal Board ruled that claimant was eligible to receive benefits and that Garrett, as claimant's employer, was liable for additional unemployment insurance contributions on commissions it paid to claimant and other similarly situated stockbrokers. Garrett now appeals.

Whether an employment relationship existed between Garrett and claimant is a factual question for the Board to decide and, if supported by substantial evidence, its determination will not be disturbed (*see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]). The determination of such an inquiry will be based upon the degree of control exercised by the entity over claimant's work (*see id.* at 736; *Matter of Singh [Thomas A. Sirianni, Inc.—Commissioner of Labor]*, 43 AD3d 498, 499 [2007]).

Here, the Board found that an employment relationship existed because Garrett paid commissions to claimant, viewed his trades, provided claimant with business cards and stationery that bore Garrett's name, address and phone number, required claimant to identify himself as being affiliated with Garrett when he communicated with clients, and agreed to assume the legal responsibility for claimant's bad trades. However, all of these actions relied upon by the Board were procedures that Garrett was compelled to follow pursuant to regulations promulgated by NASD (*see* 15 USC § 78o-3). Standing alone, compliance with such regulations "and its imposition of responsibility upon the broker is an insufficient predicate, by itself, on which to base a finding that the relationship is not one of independence but of employment" (*Matter of 12 Cornelia St. [Ross]*, 56 NY2d 895, 898 [1982]; *see Matter of Kearsh [Northeast Communications Contr.—Hudacs]*, 186 AD2d 970 [1992], *lv denied* 81 NY2d 711 [1993]). The principal purpose served by these requirements that define Garrett's relationship with claimant was to ensure that customers dealing with claimant knew that Garrett was the entity through which these trades were placed and these transactions were made.

Equally important, the traditional criteria normally attendant to the existence of an employment relationship are not present. It is undisputed that Garrett did not hire claimant (*see Matter of Singh [Thomas A. Sirianni, Inc.—Commissioner of Labor*, 43 AD3d at 499), nor did it have any input in his daily work sched-

ule or work activities (*see Matter of Noel [Life Alert Emergency Response, Inc.—Commissioner of Labor]*, 38 AD3d 1082, 1084 [2007]). It did not establish any sales quotas for him to meet, nor did it pay any of his employment expenses (*see Matter of Perdue [Environmental Compliance, Inc.—Commissioner of Labor]*, 47 AD3d 1139, 1140-1141 [2008]). It did not pay him a salary or a bonus, nor did it provide him with any employment benefits (*see Matter of MacFarlane [Aid Assn. for Luterans Corp.—Commissioner of Labor]*, 35 AD3d 1076, 1077 [2006]). All commissions that were earned pursuant to trades that claimant conducted were shared between claimant, the partnership and Garrett and, in each instance, were reported for tax purposes as nonemployment compensation (*see Matter of Hertz Corp. [Commissioner of Labor]*, 2 NY3d 733 [2004]; *Matter of Stiefvater Real Estate, Inc. [Commissioner of Labor]*, 34 AD3d 1176, 1178 [2006], *lv denied* 8 NY3d 807 [2007]).

What control Garrett did exercise over claimant was solely the result of its legal obligation to fully comply with NASD regulations and, as such, does not constitute substantial evidence establishing that an employment relationship with claimant existed. Therefore, the Board's decisions must be reversed.

Cardona, P.J., Peters, Carpinello, Lahtinen and Kavanagh, JJ., concur. Ordered that the decisions are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.