■ In the Matter of the Claim of ERIK M. RODRIGUEZ, Respondent. 2020 VIDEO VOICE DATA, LTD., Appellant; COMMISSIONER OF LABOR, Respondent. [870 NYS2d 625]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 9, 2007, which ruled that 2020 Video Voice Data, Ltd. is liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

Claimant worked as a sales representative for 2020 Video Voice Data, Ltd. (hereinafter VVD), a company engaged in direct sales of telecommunications services for companies such as Verizon. After he stopped working for VVD, claimant applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board subsequently ruled that claimant was an employee of VVD and that VVD was liable for additional unemployment insurance contributions on remuneration paid to claimant and other similarly situated sales representatives. VVD appeals.

Initially, we note that the existence of an employment relationship is a factual question for the Board to resolve (*see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]; *Matter of Lambert [Staubach Retail Servs. New England, LLC—Commissioner of Labor]*, 18 AD3d 1049, 1050 [2005]). The predominant consideration in making this inquiry is evidence of the alleged employer's control over the results produced or the means used to achieve those results, with the latter being more important (*see Matter of Lombard [SOH*

*Distrib. Co., Inc.—Commissioner of Labor]*, 52 AD3d 981, 982 [2008]; *Matter of Noel [Life Alert Emergency Response, Inc.— Commissioner of Labor]*, 38 AD3d 1082, 1083 [2007]). The Board's determination, however, must be supported by substantial evidence; that is, there must be "proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably—probatively and logically" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181 [1978]).

Here, while VVD directed compliance with Verizon's requirement of background checks and use of Verizon identification badges by sales representatives, and identified the areas where Verizon services were available for sale, VVD did not mandate, supervise or otherwise control how, when or where its representatives performed their door-to-door sales work. Special clothing and product orientations were available, but not mandatory. In addition, VVD's sales representatives had no prescribed hours or exclusive territories, were not paid their expenses, received commissions on a per sale basis, executed independent contractor agreements and wore badges that identified them as such. As for paperwork and complaints, the record indicates that VVD kept sales records for only a brief period of time, and it served only as a conduit between Verizon and the sales representative in handling complaints. Under these circumstances, we cannot conclude that substantial evidence exists in the record to support the Board's decision that VVD exercised sufficient control over claimant's work to establish an employer-employee relationship (*see Matter of Stiefvater Real Estate, Inc. [Commissioner of Labor]*, 34 AD3d 1176, 1178 [2006], *lv denied* 8 NY3d 807 [2007]; *Matter of International Student Exch. [Commissioner of Labor]*, 302 AD2d 834, 835-836 [2003]; *Matter of Mulholland [Motherly Love Care—Commissioner of Labor]*, 258 AD2d 855, 856 [1999]; *Matter of Cromer [Transworld Sys.— Sweeney]*, 248 AD2d 773, 773-774 [1998]).

Cardona, P.J., Peters, Rose, Kane and Kavanagh, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.