■ In the Matter of EMPIRE STATE TOWING AND RECOVERY ASSOCIATION, INC., Appellant. COMMISSIONER OF LABOR, Respondent. [879 NYS2d 238]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 10, 2008, which assessed Empire State Towing and Recovery Association, Inc. for additional unemployment insurance contributions.

Empire State Towing and Recovery Association, Inc. traditionally retained Peter O'Connell for legal and lobbying services. Subsequently, Empire State entered into a contract with O'Connell to provide various administrative services, which included serving as its Executive Director. After an audit conducted by the Commissioner of Labor, O'Connell was found to be an employee in 2004 and 2005 and Empire State was assessed $617.53 for additional unemployment insurance contributions. Ultimately, the Unemployment Insurance Appeal Board upheld this determination and Empire State now appeals.

Whether an employer-employee relationship exists within the meaning of the unemployment insurance law is a factual issue for the Board to resolve and its determination is beyond judicial review if supported by substantial evidence, even when the record would have supported a contrary conclusion (*see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]; *Matter of Rodriguez [2020 Video Voice Data, Ltd.—Commissioner of Labor]*, 58 AD3d 929, 929-930 [2009]; *Matter of Parisi [Commissioner of Labor]*, 54 AD3d 456, 457 [2008]). Here, the record demonstrates, among other things, that Empire State furnished office space and equipment for O'Connell (*see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d at 736-737; *Matter of Lessman [Snowlift LLC—Commissioner of Labor]*, 54 AD3d 1078, 1079 [2008]; *Matter of O'Neil-Haight [County of*

*Yates—Commissioner of Labor]*, 34 AD3d 1041, 1042 [2006]), reimbursed him for expenses (*see Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725, 726 [1984]; *Matter of Rodriguez [2020 Video Voice Data, Ltd.—Commissioner of Labor]*, 58 AD3d at 930; *Matter of Perdue [Environmental Compliance, Inc.—Commissioner of Labor]*, 47 AD3d 1139, 1140 [2008]) and required him to submit reports and attend meetings (*see Matter of O'Neil-Haight [County of Yates—Commissioner of Labor]*, 34 AD3d at 1042; *Matter of Lambert [Staubach Retail Servs. New England, LLC—Commissioner of Labor]*, 18 AD3d 1049, 1050 [2005]; *Matter of Aubrey [NGT Lib., Inc.—Commissioner of Labor]*, 8 AD3d 803, 804-805 [2004]; *Matter of Song Lee [World Book—Commissioner of Labor]*, 260 AD2d 881, 881 [1999]). As such, we find that the Board's determination is supported by substantial evidence and we decline to disturb it.

Mercure, J.P., Spain, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.