*1039 Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 16, 2012, which ruled that Eden Technologies, Inc. is liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Claimant worked for Eden Technologies, Inc. from February 2008 through October 2009 providing computer software and systems training services to one of Eden’s clients. After her employment ended, claimant applied for unemployment insurance benefits and a hearing was held on the issue of whether claimant was an employee or an independent contractor. Ultimately, the Unemployment Insurance Appeal Board determined that claimant was an employee of Eden and that Eden was liable for contributions based on remuneration paid to claimant and others similarly situated. Eden now appeals.
The existence of an employer-employee relationship is a factual determination for the Board to resolve and its determination will not be disturbed if supported by substantial evidence (see Matter of Jimenez [C & I Assoc., Inc. — Commissioner of Labor], 74 AD3d 1587, 1588-1589 [2010]; Matter of Khan [Mirage Limousine Serv., Inc. — Commissioner of Labor], 66 AD3d 1098, 1099-1100 [2009], lv denied 13 NY3d 717 [2010]; Matter of Singh [Thomas A. Sirianni, Inc. — Commissioner of Labor], 43 AD3d 498, 498 [2007]). This Court has held that “ ‘an organization which screens the services of professionals, pays them at a set rate and then offers their services to clients exercises sufficient control to create an employment relationship’ ” (Matter of Singh [Thomas A. Sirianni, Inc. — Commissioner of Labor], 43 AD3d at 499, quoting Matter of Kimberg [Hudacs], 188 AD2d 781, 781 [1992]). In this case, there is proof that Eden sought, interviewed and selected claimant to perform services at the request of a client. On a weekly basis, claimant was required to submit time sheets provided by Eden, including information about what services were provided. Eden then paid claimant directly on a biweekly basis at a set hourly rate and billed the client separately. Additionally, certain restrictions were placed upon claimant’s provision of services to Eden’s clients and other entities during her employment and for one year following separation. Thus, although there is evidence that could support a different result, we find substantial evidence to support the Board’s decision (see Matter of Jaeger [Vendor Control Serv., Inc. — Commissioner of Labor], 106 AD3d 1360, 1360-1361 [2013]; Matter of Wells [Madison Consulting, Inc. — Commissioner of Labor], 77 AD3d 993, 995 [2010]).
*1040 Peters, P.J., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.