■ In the Matter of the Claim of CHESTER J. COHEN, Respondent. JUST ENERGY MARKETING CORPORATION, Appellant; COMMISSIONER OF LABOR, Respondent. (And Seven Other Related Proceedings.) [985 NYS2d 190]—

McCarthy, J. Appeals (1) from decisions of the Unemployment Insurance Appeal Board, filed January 4, 2013, which ruled, among other things, that Just Energy Marketing Corporation was liable for unemployment insurance contributions based on remuneration paid to claimants and others similarly situated, and (2) from a decision of said Board, filed January 4, 2013, which ruled that claimant Chester J. Cohen was entitled to receive unemployment insurance benefits.

Just Energy Marketing Corporation, an energy service company that provides residential and commercial customers with fixed-priced contracts for electricity and natural gas, is an affiliate of Just Energy New York Corporation (hereinafter collectively referred to as Just Energy). Claimants worked as sales agents for Just Energy. Following the termination of their employment, claimants applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board subsequently ruled that claimants were employees of Just Energy and that Just Energy was liable for additional unemployment insurance contributions on remuneration paid to claimants and other similarly situated agents providing door-to-door solicitation services. Just Energy appeals from those decisions, as well as from a separate decision finding claimant Chester J. Cohen eligible to receive unemployment insurance benefits.

Initially, whether an employment relationship exists is a factual question for the Board to resolve and its determination will not be disturbed if supported by substantial evidence (*see Matter of Rodriguez [2020 Video Voice Data, Ltd.—Commissioner of Labor]*, 58 AD3d 929, 929-930 [2009]; *Matter of Wannen [Andrew Garrett Inc.—Commissioner of Labor]*, 57 AD3d 1029, 1030 [2008]). The record establishes that some indicia of control by Just Energy was mandated by law, such as requiring

the agent to carry a photo identification badge bearing Just Energy's name and logo, which, alone, is not sufficient to establish an employer-employee relationship. Nevertheless, "it can still be considered as part of the overall determination of control exercised over" the agents (*Matter of Jimenez [C & I Assoc., Inc.—Commissioner of Labor]*, 74 AD3d 1587, 1589 [2010]). Here, the Board was not convinced that all the indicia of control that Just Energy exercised over the agents was required by applicable state law. Specifically, Just Energy advertised for and interviewed the agents before hiring them. Just Energy provided the agent agreement and set the commission rate, both of which could be changed only by Just Energy. Just Energy provided the agent with the customer contracts. Contracts were required to be submitted on a weekly basis, approval by Just Energy was required before the contracts became effective, and Just Energy reviewed the contracts and returned them to the agent if any corrections needed to be made. Significantly, the agreement precluded the agents from working for any competitor during the term of the contract, as well as for three weeks following the termination of the agreement. Agents were required to attend two half-day orientation sessions, and received a training manual and code of conduct, which, if not adhered to, could result in termination of the contract. Just Energy would field questions from agents. Furthermore, any complaints were handled by Just Energy, which could investigate and maintain a file on an agent. Although there is evidence to support a contrary conclusion, we find substantial evidence to support the Board's decision that the extent of the control exercised by Just Energy over the agents evinces an employer-employee relationship (*see Matter of Lamar [Eden Tech., Inc.—Commissioner of Labor]*, 109 AD3d 1038, 1039 [2013]).

Next, Just Energy challenges the Board's decision finding Cohen eligible to receive unemployment insurance benefits, claiming that Cohen created misleading and false documents that he used to solicit contracts. The Board credited Cohen's testimony that he received the documents from another agent and that such documents were used by other agents until such time as Just Energy provided a sales book to the agents. Moreover, the Board credited Cohen's testimony that he did not use the documents to solicit contracts. Deferring to the Board's credibility determinations, we find that substantial evidence supports the Board's decision that Cohen did not lose his employment as a result of disqualifying misconduct (*see Matter of Saunders [Life Adj. Ctr., Inc.—Commissioner of Labor]*, 106 AD3d 1317, 1317 [2013]).

Lahtinen, J.P., Garry and Egan Jr., JJ., concur. Ordered that the decisions are affirmed, without costs.