■ In the Matter of the Claim of TADIA R. GODDARD, Respondent. SUMMIT HEALTH, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [987 NYS2d 520]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 15, 2012, which ruled, among other things, that Summit Health, Inc. was liable for unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.

Claimant works as a certified medical assistant for Summit Health, Inc., a health and wellness company that provides health screenings and flu immunization to employees of corporate clients at the clients' workplace. The Unemployment Insurance Appeal Board determined, among other things, that claimant was an employee of Summit and that Summit was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated. Summit appeals.

We affirm. "The existence of an employer-employee relationship is a factual issue for the Board to resolve and its determination will not be disturbed so long as it is supported by substantial evidence" (*Matter of Singh [Thomas A. Sirianni, Inc.—Commissioner of Labor]*, 43 AD3d 498, 498 [2007] [citations omitted]; *see Matter of Columbia Artists Mgt. LLC [Commissioner of Labor]*, 109 AD3d 1055, 1056 [2013]). "Where, as here, medical professionals are involved, the pertinent inquiry is whether the purported employer exercised overall control over the work performed" (*Matter of Scinta [ExamOne World Wide Inc.—Commissioner of Labor]*, 113 AD3d 959, 960 [2014] [citations omitted]; *see Matter of Concourse Ophthalmology Assoc. [Roberts]*, 60 NY2d 734, 736 [1983]; *Matter of Loughran [Foley Nursing Agency—Commissioner of Labor]*, 258 AD2d 857, 858 [1999], *lv dismissed* 93 NY2d 957 [1999]; *Matter of Boone [Shore Rd. Community Serv.—Sweeney]*, 245 AD2d 617, 618 [1997]).

Here, Summit schedules with its clients when and where the screenings will take place, as well as what services are to be performed. Although claimant was free to choose which screenings, if any, she wanted to work, once she accepted, she was required to follow Summit's published best practices guidelines. Further, Summit would pay claimant for two hours of work if the client cancelled the screening, but could fine her if she did not show up or was late for a screening. Summit provides the equipment and supplies for the screenings and reimburses certain transportation expenses, including tolls and parking fees. Accordingly, we find that there is substantial evidence to support the Board's determination that Summit retained suf-

ficient overall control* over the work performed by claimant and those similarly situated to establish an employer-employee relationship, despite evidence in the record supporting a contrary result (*see Matter of Scinta [ExamOne World Wide Inc.— Commissioner of Labor]*, 113 AD3d at 960-961; *Matter of Loughran [Foley Nursing Agency—Commissioner of Labor]*, 258 AD2d at 857-858; *Matter of Skeete [Cooper Sq. Nurses Registry—Commissioner of Labor]*, 253 AD2d 926, 926 [1998], *lv denied* 93 NY2d 802 [1999]).

Stein, J.P., Garry, Egan Jr., Lynch and Devine, JJ., concur.

Ordered that the decision is affirmed, without costs.

---

* Even if, as Summit argues, the overall control test is not applicable here, we would find that Summit exercised sufficient control under the general standard as well (*see generally Matter of Columbia Artists Mgt. LLC [Commissioner of Labor]*, 109 AD3d at 1056-1057).