Appeals from two decisions of the Unemployment Insurance Appeal Board, filed April 23, 2013, which ruled, among other things, that the Fire Island Union Free School District was liable for additional unemployment insurance contributions based on remuneration paid to claimant and others similarly situated.
Claimant performed services for the Fire Island Union Free School District, primarily as the coordinator of its adult education program. After claimant filed a claim for unemployment insurance benefits, the Department of Labor issued an initial determination finding that claimant was an employee and, thus, eligible to receive benefits. Ultimately, the Unemployment Insurance Appeal Board affirmed that determination,[1] prompting this appeal by the school district.
We affirm. Whether there exists an employee-employer relationship is a factual question to be resolved by the Board and we will not disturb its determination when it is supported by substantial evidence in the record (see Matter of Joyce [Coface
*1204 N. Am. Ins. Co.—Commissioner of Labor], 116 AD3d 1132, 1133-1134 [2014]; Matter of Jaeger [Vendor Control Serv., Inc.—Commissioner of Labor], 106 AD3d 1360, 1360 [2013]). The determination rests not on one single factor, but consideration is given to whether control was exercised over the results or the means used to achieve those results, with the latter factor deemed more important (see Matter of Joyce [Coface N. Am. Ins. Co.— Commissioner of Labor], 116 AD3d at 1134; Matter of Anwer [Exclusive Fragrance & Cosmetics, Inc.—Commissioner of Labor], 114 AD3d 1114, 1115 [2014]).[2] Here, claimant testified that when she was hired, she received training on coordinating the program, negotiating with teachers and using the school district’s finance software. Claimant was given a school district computer for use in coordinating the program, maintained a file cabinet and mailbox at the school, was given use of the photocopier and postage machine, had access to school district transportation and stated that she performed most of her work at the school, including some tasks that were required to be performed there. Claimant further testified that instructors were not hired until the school district approved their fees; that the superintendent had disapproved classes, directed claimant to hire a specific teacher against her wishes and had final approval over cancelling classes; and that claimant was required to seek approval before assigning herself to teach a class and that request had been denied. Notably, both claimant and the superintendent testified that, in addition to her duties supervising the adult education program, claimant also provided office help and performed general records management duties for the school district. Thus, notwithstanding evidence that might support a different conclusion, we find that substantial evidence supports the Board’s decision (see Matter of Joyce [Coface N. Am. Ins. Co.—Commissioner of Labor], 116 AD3d at 1135; Matter of Reich [Posner & Gaier—Commissioner of Labor], 55 AD3d 1077, 1078 [2008]; Matter of Sepulveda [Myles-Pat Assoc., Inc.— Commissioner of Labor], 46 AD3d 1031, 1032 [2007]).
Peters, EJ., Stein, Garry, Egan Jr. and Devine, JJ., concur.
Ordered that the decisions are affirmed, without costs.

. The Department of Labor appears to have issued two case numbers in the instant matter, after which a combined hearing was held and both the Administrative Law Judge and the Unemployment Insurance Appeal Board issued identical decisions in each case (see Matter of Scinta [ExamOne World Wide Inc.—Commissioner of Labor], 113 AD3d 959, 960 n [2014]).

. We agree with the school district that the Board erred to the extent that it relied upon the “overall control” test inasmuch as claimant was not acting in the capacity of a “professional” (see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437-438 [2010]). Nonetheless, substantial evidence is present to support the Board’s decision under either test (see Matter of Richins [Quick Change Artistry, LLC —Commissioner of Labor], 107 AD3d 1342, 1343 n 2 [2013]).