*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 28, 2016          521446
_____

In the Matter of the Claim of
    WILLIAM J. DeVAUL,
                    Respondent.

JOSEPH A. GUARDI, Doing                    MEMORANDUM AND ORDER
    Business as JOSEPH A.
    GUARDI USED AUTO,
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____


Calendar Date:  March 25, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____


        Pope, Schrader & Pope, LLP, Binghamton (Kurt Schrader of
counsel), for appellant.

        Samuel D. Castellino, Big Flats, for William J. DeVaul,
respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Koton of counsel), for Commissioner of Labor, respondent.

_____


Garry, J.

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed October 28, 2014, which ruled that Joseph A.
Guardi was liable for unemployment insurance contributions on
remuneration paid to claimant and others similarly situated.

Joseph A. Guardi is the owner and operator of Joseph A. Guardi Used Auto, a used automobile sales business engaged in the business of purchasing and repairing used automobiles for resale. To accomplish this task, in 2010 Guardi retained the services of claimant, an automobile mechanic, to repair the vehicles that would ultimately be sold by Used Auto. Following the end of claimant's employment with Guardi in 2012, claimant filed an application for unemployment insurance benefits. The Unemployment Insurance Appeal Board subsequently ruled that claimant was Guardi's employee and that Guardi was liable for additional unemployment insurance contributions on remuneration paid to claimant and other similarly situated individuals employed as automobile mechanics. Guardi now appeals.

"Whether an employer-employee relationship exists is a factual question to be resolved by the Board and we will not disturb its determination when it is supported by substantial evidence in the record" (Matter of Voisin [Dynamex Operations E., Inc.—Commissioner of Labor], 134 AD3d 1186, 1187 [2015] [internal quotation marks and citations omitted]; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]). "An employer-employee relationship exists when the evidence shows that the employer exercises control over the results produced or the means used to achieve the results," with the latter more important (Matter of Empire State Towing & Recovery Assn. [Commissioner of Labor], 15 NY3d at 437 [citation omitted]; see Matter of Pickton [Priority Assist Inc.—Commissioner of Labor], 127 AD3d 1484, 1486 [2015]).

Here, the record evidence reflects that, although Guardi did not advertise for claimant's services, claimant filled out paperwork that he characterized as an application for employment prior to working for Guardi. Upon being hired, Guardi offered and established claimant's rate of pay at $10 an hour. Claimant testified that after pricing the cost of repairs for a used vehicle and discussing those repairs with Guardi, Guardi would instruct him whether to make the repairs and, at times, would also make repair suggestions to claimant. Guardi provided claimant with a garage to perform the repairs that included certain equipment, such as a vehicle lift, tire-changing machine and a compressor (see Matter of Lessman [Snowlift

LLC—Commissioner of Labor], 54 AD3d 1078, 1079 [2008], lv denied 13 NY3d 702 [2009]; Matter of Murello [Adams Darcy Art—Roberts], 108 AD2d 974, 975 [1985]).  Guardi also disposed of old motor oil and used tires and maintained the equipment located in the garage.  While claimant owned his own tools, he kept those tools at the garage, and he did not maintain his own auto-repair business or repair vehicles for any other employer.

Aside from repairing vehicles, claimant also assisted Guardi with customer service and, on occasion, sold a used vehicle, for which he would receive a commission of $50.  In addition to issuing claimant a weekly paycheck, claimant was expected to work the same hours as other employees at Used Auto and report for work on time each day.  Claimant was required to contact Guardi if he was sick or unable to report to work on a given day, was required to obtain permission to take time off from work and record the start and end of his shifts and meals on a timeclock (see Matter of McAlevey [Agewell Physical Therapy & Wellness, P.C.,—Commissioner of Labor], 126 AD3d 1219, 1220 [2015]; Matter of DeRose [Winston Retail Solutions, LLC—Commissioner of Labor], 119 AD3d 1174, 1175 [2014]).  Inasmuch as substantial evidence supports the Board's decision that Guardi exercised sufficient control over claimant's work to be considered his employer, we decline to disturb it (see Matter of Ingle [Mechanical Secretary, Inc.—Commissioner of Labor], 129 AD3d 1424, 1425 [2015]; Matter of Jaeger [Vendor Control Serv., Inc.—Commissioner of Labor], 106 AD3d 1360, 1361 [2013]; Matter of Ramirez [Gottlieb Jewelry—Commissioner of Labor], 256 AD2d 705, 706 [1998]).

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.

ORDERED that the decisions are affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court